## McLEROY v. THE STATE.

1. It appeared on a trial for murder that the defendant was one of four who fired pistols at the deceased at the same time from different directions, two bullets taking deadly effect, and the others missing or failing to penetrate, there being nothing to indicate which of them fired the fatal shots, except the range of the bullets as indicated by the wounds inflicted, and these indicating that the bullets had come from another than the defendant. Such evidence was insufficient to show that the defendant killed the deceased, and there was no evidence upon which to base a charge upon the theory that the defendant fired the fatal shot. Accordingly it was erroneous to charge in effect that if the defendant shot and killed the deceased without justification, he would be guilty of the offense of murder, whether or not there existed between him and the others a "joint conspiracy, combination, common intent, and preconcerted plan to kill the deceased."

2. There was sufficient evidence in this case to authorize a charge upon the law of conspiracy, and such a charge would not be inappropriate merely because there was no allegation in the indictment as to the existence of a conspiracy.

Submitted March 19,—Decided May 10, 1906.

Indictment for murder. Before Judge Holden. Madison superior court. January 1, 1906.

The defendant was convicted of murder, with a recommendation to mercy. From the evidence it appeared that he and the deceased had attended a picnic. Returning home, they, with others, sought shelter from the rain in a house. While at the house, the defend-

ant, Henry Williams, Will Davis, Tom Davis, and others went under the well-shelter and were talking. The defendant was a brother of Crawf. Muckle (McLeroy) and a brother-in-law of Henry Williams. George David testified that it was Henry Williams and Crawf. Muckle who were under the well-shed, and said, "It seemed like they were talking a little secret, to me." Will. Davis was half drunk and cursing and threatening to kill the deceased. Before the rain was over, the deceased, with his friends, started home and they were immediately followed by the persons above named, and others. The quarreling was continued between Will Davis and the deceased. While going along the road Williams kept behind the deceased, and said that if others got out of the way, "we will kill" the deceased. When the deceased and some of his friends were about to turn off into another road, Will Davis ran in front. Crawf. Muckle handed him a pistol. A rock was thrown by Will Davis. A scuffle ensued. One of the deceased's friends was slapped down by one of Davis's friends. The row thus became quite general. At this stage, the defendant and Will Davis, Crawf. Muckle, and Williams were all seen firing pistols at the deceased at the same time, and he fell dead as they ceased firing. The defendant shot at the deceased from the front. Only two bullets penetrated the deceased, one into the right side of the body, the other into the right side of the skull, the latter penetrating the brain. Henry Williams was the only one who shot from that side. Except as may be inferred from what is stated above, it is impossible to say who fired the fatal shot. The defendant is not shown to have participated in any of the quarreling, or to have been in any way concerned further than by mere presence in the party, until he was seen firing at the deceased. The defendant, in his statement to the jury, denied having shot or otherwise engaged in a difficulty, and proved good character. There is much evidence tending to support his statement. He moved for a new trial upon the usual general grounds, and, among others, upon the grounds following: 4th. Because the court erred in charging the jury as follows: "I charge you further that if the defendant on trial, Charles McLeroy, shot and wounded the deceased, Lee Dudley, with an intention to kill him with a pistol, and if the wound was inflicted by the defendant, and if the deceased, from the effects of such shooting and wounding by the defendant, died, and if the defendant shot

and wounded him, and if the defendant shot and killed the deceased without justification, and with malice aforethought as alleged and set forth in the indictment, the defendant would be guilty of the offense of murder, whether there existed between him and another party or other parties, or whether there did not exist between him and a party or other parties, a joint conspiracy, combination, common intent, and preconcerted plan to kill the deceased;" for the reason that there was no evidence upon which to base said charge. 5th. Because the court erred in charging the law of conspiracy, the indictment not alleging that the defendant, with others, conspired to kill and murder; and, after charging the law of conspiracy, he failed to charge the jury that if they should have a reasonable doubt on their minds that a conspiracy existed between defendant and other parties, it would be their duty to give the defendant the benefit of that doubt. The court charged the jury that, "If . . you do not believe beyond a reasonable doubt the defendant is guilty of murder as alleged and set forth in the indictment, it would be your duty to acquit him." The motion for new trial was overruled, and the defendant excepted.

*George C. Thomas* and *John E. Gordon,* for plaintiff in error.

*John C. Hart, attorney-general,* and *David W. Meadow, solicitor-general,* contra.

ATKINSON, J. 1. The evidence was not sufficient to authorize the jury to conclude that the defendant fired the fatal shot. No witness would pretend to say that he did. The most that could be said was that the defendant was one of four who from different directions fired with pistols at the same time upon the deceased. Two shots took effect, either of which may have been fatal. The others missed or failed to penetrate. There was really no way of placing the author of the two effective shots, except by the course from which the bullets had come. The wounds did not indicate that either bullet had come from the direction of the defendant. There being no evidence sufficient to prove beyond a reasonable doubt that the defendant fired the fatal shot, it was erroneous for the court to charge as complained of in the fourth ground of the motion for new trial. If the defendant did not kill, and if he was not in conspiracy with the one who did kill, he certainly was not guilty of murder. In principle the ruling here made is controlled by the ruling in the case of *Walker* v. *State,* 116 *Ga.* 538. The

charge was harmful to the defendant, because it instructed the jury in such a way as to have authorized them to find the defendant guilty, independently of the theory of his having participated in the offense as a conspirator.

2. The charge complained of in the fifth ground of the motion for new trial was not erroneous. The existence of a conspiracy may be shown by circumstantial as well as direct evidence; and in a case like the one at bar, it is not inappropriate to charge upon the law of conspiracy merely because the indictment does not in terms allege that there was a conspiracy. *Dixon* v. *State*, 116 *Ga.* 186; *Hudgins* v. *State*, 61 *Ga.* 182; *Davis* v. *State*, 114 *Ga.* 107. The evidence was sufficient to authorize the charge. Upon the subject of conspiracy, the court having properly charged the law of reasonable doubt relative to the entire case, it was not necessary to charge that law with special reference to the subject of conspiracy, and certainly not when a request was not made to that effect.

It is unnecessary to consider any of the other grounds of the motion for new trial.

<div align="center">

*Judgment reversed. All the Justices concur.*