## 405. WOODRUFF v. HUGHES.

1. Where civil liability for a conspiracy is sought to be imposed, the conspiracy of itself furnishes no cause of action. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done.

2. A conspiracy is the combining of two or more persons for the purpose of doing something unlawful, oppressive, or immoral, as a means or an end. The allegation and proof of conspiracy is important to the action only because it will enable the plaintiff to recover his damages in case the conspiracy can be proved, not only from the actual participants engaged in committing the injury, but also from those defendants who conspired to accomplish it, although neither present nor participating. An averment that the acts alleged were done in pursuance of a conspiracy does not change the nature of the action, but it may be pleaded and proved as aggravating the wrong of which the plaintiff complains, and to enable him to recover against all the conspirators as joint tortfeasors, or (in case no conspiracy be shown) that the plaintiff may still recover against such of the defendants as may be guilty of the tort.

3. In an action on the case for conspiracy the allegation with reference to the combination, conspiring, and concert of action are mere matters of inducement leading up to the relation of the acts from which conspiracy may be inferred. To show conspiracy it is not necessary to prove that the parties met together or entered into any specific or formal agreement, or that by words or writing they formulated their unlawful objects. Proof that two or more persons, either positively or tacitly, come to an understanding that they will accomplish an unlawful design, or a lawful design unlawfully, is sufficient.

4. Possession of realty is presumed to be lawful until the contrary appears; and where possession is alleged, that such possession is lawful is such a conclusion as can properly be pleaded.

5. In neither petition nor answer is an exhaustive statement of the exact evidence upon which a party will rely in the establishment of his contentions required. On the contrary, so far as matters of inducement and other minor matters are concerned, a clear, brief statement of immaterial matters · (the briefer the better) is to be commended.

6. There was no error in overruling the demurrer.

Action for damages, from city court of Atlanta—Judge Reid. March 18, 1907.

Argued June 21,—Decided July 18, 1907.

*Payne, Jones & Jones,* for plaintiffs in error.

*R. B. Blackburn, Westmoreland Brothers,* contra.

RUSSELL, J.   J. A. Hughes brought suit in the city court of At-
lanta against G. W. Woodruff, E. Woodruff, J. C. Gentry, Robert
P. Jones, and Winfield Jones, to recover damages for an alleged
conspiracy to oust the plaintiff from the lawful possession of cer-
tain premises. Some time after the institution of the suit, G. W.
Woodruff was dismissed as a party defendant, on account of failure
to properly serve him with copy process. To the original petition
the defendants, jointly and severally, demurred generally as well as
specially. The demurrer, on being heard before his honor Judge
Reid, was overruled. To the order overruling said general and
special demurrers the defendants except. The petition alleges, in
substance, that on the 3d of February, 1906, the plaintiff was in
lawful possession of a certain house and lot in the city of Atlanta,
known as No. 16 Railroad Street, having been in lawful possession
thereof from the 10th of January, 1906, up to and including the
3d of February, 1906; that the defendants, conspiring and confed-
erating for the purpose of evicting the plaintiff from said premises,
undertook forcibly to eject him therefrom, failing in which, one of
the defendants, acting for and on behalf of the others, caused a war-
rant to issue against the plaintiff, charging him with the offense of
criminal trespass; and that under said warrant the plaintiff was
arrested and carried before a magistrate, where, upon securing his
recognizance bond, he was released from custody. The petition
thereupon proceeds to allege, that, being released from custody, the
plaintiff returned to the said premises, unlocked the door, he having
the keys of said house in his custody, and went into the house and
found therein and on the premises agents and servants of the de-
fendants; that immediately thereafter and on the same day the de-
fendants, still further carrying out the conspiracy, caused a warrant
to issue, charging the plaintiff with the offense of forcible entry and
detainer, under which warrant plaintiff was arrested, incarcerated in
jail for four or five hours, and, upon giving his bond, was finally
released from custody; that after being released the second time the
plaintiff repaired to said premises and undertook to repossess him-
self thereof, but was, by force and violence on the part of the de-
fendants, prevented from repossessing himself of said property; and

that the defendants took possession thereof and retained the same over his objection and protest; that, the warrants coming on to be heard, the magistrate dismissed them, and plaintiff was discharged from custody; that both of the warrants were sued out maliciously and without probable cause, defendants well knowing that the plaintiff was in lawful possession of said premises and had not committed the crimes charged in said warrants; that said prosecutions were pressed against him maliciously and without probable cause, there being aggravating circumstances both in act and intention in the conduct of the proceedings against him; and that the plaintiff, by reason of said conduct on the part of said defendants, was greatly wounded in his feelings, held up to contempt and ridicule, and humiliated in the extreme. It is alleged that both of the prosecutions alleged were a part of one and the same scheme, conspiracy, and confederation of the defendants to oust the plaintiff from the possession of said property and gain the physical possession thereof. The plaintiff seeks punitive as well as actual damages, and asks judgment against the defendants in the sum of ten thousand dollars.

We will first consider the general demurrer of the defendants, alleging that the petition sets forth no cause of action; because, if that contention is well taken, the special demurrers need not be considered. We think the petition sets forth such a cause of action as will withstand the general demurrer. It has been frequently said that there is no legal term of which it is more difficult to give an exact definition than conspiracy, and yet its essentials are easily enumerated. "The elements of a conspiracy are: (a) *The confederating*—the combining together of two or more persons. (b) *The intent*—for the purpose. (c) *The object*—of doing something unlawful or oppressive, or immoral, as a means or an end." 1 Eddy on Combinations, §365, p. 238. The law of civil conspiracy is only an extension of the law of criminal conspiracy, and, as far as rights and remedies are concerned, all criminal conspiracies are embraced within civil conspiracies. In a criminal conspiracy the conspiring together is the essence of the charge. It must be either to do an unlawful act or to do a lawful act by criminal or unlawful means, but proof of the conspiracy to do either will authorize a conviction. On the other hand, where civil liability for a conspiracy is sought to be imposed, the conspiracy of itself furnishes no cause of action; the gist of the action is the damage and not the con-

spiracy. As said by Devens, J., in Boston *v.* Simmons, 150 Mass. 463, 23 N. E. 211, 6 L. R. A. 629, 15 Am. St. R. 230, "The averment of a conspiracy in the declaration does not ordinarily change the nature of the action nor add to its legal force or effect. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done wrongfully. Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy. On the other hand, when the tort committed and the damage resulting therefrom proceed from a series of connected acts, the averment that they were done by several in pursuance of a conspiracy does not so change the nature of the action, that, if the wrongful acts are shown to have been done by one only, it can not be maintained against him alone, and the other defendants exonerated." Whether a conspiracy be civil or criminal, if the person who is the object of such conspiracy is damaged, he has his remedy in an action on the case. As pointed out in 8 Cyc. 645, the statement that the conspiracy is not itself the cause of action has two meanings: (1) that the conspiracy is executed to the injury of another; and (2) that the conspiracy will not render an act unlawful which is lawful when committed by one. But all parties to a conspiracy are jointly and severally liable for damages occasioned by the unlawful combination, and acts done by any one of the conspirators in furtherance of a common object become the acts of all. Conceding, then, that an averment that the acts alleged were done in pursuance of a conspiracy does not change the nature of the action or add anything to its legal effect, the allegation and proof of conspiracy is important to the action only because it will enable the plaintiff to recover his damages against such of the defendants as may be shown to be guilty of the tort, even should he fail to prove a conspiracy or concerted design; and it may be pleaded and proved as aggravating the wrong of which the plaintiff complains and to enable him to recover against all the defendants as joint tort-feasors. If the conspiracy can be proved, the party wronged may look beyond the actual participants committing the injury and join with them as defendants those who conspired to accomplish it. "An action will not lie for the greatest conspiracy imaginable, if nothing be put in execution; but if the party be

damaged, the action will lie." Savile v. Roberts, 1 Ld. Raym. 374. In passing upon the general demurrer, then, only two questions need be considered. Were sufficient facts alleged in the petition to set forth and constitute a conspiracy within the above definition, and does it appear that the plaintiff was damaged by reason thereof? If both of these questions be answered in the affirmative (as we think they should be), then there was no error in overruling the general demurrer. The law recognizes the intrinsic difficulty of proving a conspiracy. The allegations with reference to conspiracy are treated as matters of inducement leading up to a more particular description of the acts from which conspiracy may be inferred. It has even been held that when it becomes necessary to prove a conspiracy in order to connect the defendant with the wrong complained of, no averment of the conspiracy need be made in the pleadings to entitle it to be proved. Parker v. Huntington, 2 Gray (Mass.), 124. Less certainty is required in setting out matters of inducement than in setting out the gist of the action. We think, therefore, that paragraph three of the plaintiff's petition sufficiently sets forth a conspiracy between the defendants to enable him, if he can, to hold all of them liable as joint tort-feasors, and to aggravate and increase his damages should he be found to be entitled to any. 'The conspiracy may sometimes be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances. The rule is to allow great latitude in setting out in the complaint the particular act upon which the conspiracy is to be inferred, and even to allow individual acts of the conspirators to be averred. "To show conspiracy it is not necessary to prove an express compact or agreement among the parties thereto. The essential element of the charge is the common design; but it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design. And any one, after a conspiracy is formed, who knows of its existence and purposes and joins therein, becomes as much a party thereto . . as if he had been an original member." 1 Eddy on Comb. § 368. The peti-

tion, then, sufficiently alleged "the combining together of two or more persons." It also alleged the intent (for the purpose) of evicting the plaintiff from the premises described. Then, was the object of their conspiracy, either in the means used or in the end sought to be attained, unlawful, oppressive, or immoral? According to the allegations of the petition, the means used to accomplish the eviction was the unlawful and malicious use of legal process. According to those allegations, two warrants without any foundation were sworn out against the plaintiff; he was twice arrested; was confined in jail and subjected to humiliation without cause. If these allegations be true, even if the defendants had the right to the possession of the premises, they used unlawful and immoral means to obtain it. If this action was taken in pursuance of a common intent, understanding, or design, all who participated in the acts alleged would be liable. If the proof failed to show conspiracy, then any one guilty of either of the unlawful means by which petitioner was damaged (if he was damaged as alleged) should respond. In view of what has been said above, there was no error in overruling the general demurrer. The conspiracy was sufficiently alleged. It is immaterial whether the act which it is alleged the defendants intended to do was or was not unlawful, oppressive, or immoral. "Conspiracy is the combination of two or more persons to do (*a*) something that is unlawful, oppressive, or immoral; or (*b*) something that is not unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means; or (*c*) something that is unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means." 1 Eddy on Comb. §171. The means alleged, in either event, were unlawful and oppressive. The damages were such as were connected with and would naturally flow from the tortious acts alleged. The damages being the gravamen of the action, the act or acts causing such damages are required to be set forth with particularity; but no complaint is made upon this score by defendants, and indeed we think there is no room for such complaint.

The defendants demurred specially as follows:

(1) To the allegation in paragraph two of the petition, that plaintiff was in lawful possession of a certain house and lot in the city of Atlanta, etc., on the ground that the allegation is a mere conclusion of the pleader and not based upon any alleged facts to

substantiate it; and to the allegation in the same paragraph with reference to the length of time which plaintiff's lawful possession is stated to have existed, upon the same ground; and because it is not shown, by the allegation of said paragraph alone or in conjunction with other paragraphs of the petition, by virtue of what authority, right, interest, or title, or by consent or authority of what person holding title or right of possession of said premises, the plaintiff was in lawful possession of said premises. We think that this demurrer was properly overruled, because, if it is specific enough to reach the word "lawful" as being the conclusion of the pleader, it would not be well taken, because possession is presumed to be lawful until the contrary appears, and the statement that the possession was lawful would be such a conclusion as naturally followed the statement of possession. For the same reason it is not necessary for the petitioner to state by what authority or title he is in possession. Indeed, from our standpoint the matter is entirely immaterial, because it is a statement made by way of inducement leading up to the tort alleged later in the petition.

(2, 3) The second ground of demurrer complains specially of the allegation that "the defendants each and all confederated and conspired together for the purpose of evicting plaintiff from said premises," on the ground that said allegation neither by itself nor in conjunction with other paragraphs of the petition alleges any circumstances upon which the conspiracy can be based. As we have already stated, the conspiracy is not the cause of action, and the statement of conspiracy is only for the purpose of aggravating the damages and of joining defendants who may have conspired and yet have not personally participated in the acts done. This demurrer is settled by the case of Parker v. Huntington, above cited. And for the same reason, the statement in the petition, in regard to the defendants causing Winfield Jones to appear before a justice of the peace and make oath that the plaintiff had committed the offense of forcible entry and detainer, is sufficiently ample.

(4, 5) Defendants demur specially to the allegation that plaintiff "sought to repossess himself thereof, but was by force and violence, menaces and threats, made by the defendants, their agents and servants, prevented from repossessing himself of said property," on the ground that it is not alleged by what authority or title the plaintiff sought to repossess himself, and because it is not al-

leged how the parties seeking to prevent the plaintiff from entering the premises were the agents of the defendants. They also demurred specially to the allegation that "the defendants, their agents and servants, took possession thereof and retained the same," on the ground that the allegation does not show that the defendants, their agents and servants, had no authority or right to take possession of said premises. We think this special demurrer was properly overruled, not only because it fails "to put its finger on the point" by specifically stating what further allegation should have been made, but also because no amendment was necessary. It is impossible and impracticable for a pleader to do more than state the fact upon which he relies. He is not required to insert in his petition or plea a statement of the evidence upon which he expects to rely, any more than to give the names of the witnesses by whom he hopes to establish his contentions. The same ruling applies to the fifth special ground of demurrer.

(6) The sixth special ground of demurrer complains that the plaintiff fails to show any facts constituting lawful possession on the part of the plaintiff, or how the defendants could have known of such alleged lawful possession. As already stated in ruling upon the first demurrer, the insertion of the word "lawful" was a conclusion properly to be derived from the other facts stated, and could be averred. And in the absence of proof to the contrary, the defendants would be presumed to have notice and knowledge of the character and extent of the plaintiff's possession. Defendants also demur to the statement of the petition contained in paragraph eleven, "there being aggravating circumstances, both in act and intent, . . and said acts were wanton, wilful, and oppressive in the extreme," the demurrer being that the allegation fails to show how the act and intent of defendants were wanton and wilful, and of what the aggravating circumstances consisted. We think it clear that the aggravating circumstances and the wanton, wilful, and oppressive conduct of the defendants can well be derived from the allegation with reference to the issuance of the warrant and the arrest thereunder. If those allegations are proved, the jury would have the right to infer that the acts and conduct of the defendants were wilful and wanton and oppressive in the extreme.

(7) The seventh special ground of demurrer, that the allegations of the petition failed to show any facts or circumstances upon

which the conspiracy to oust the plaintiff from possession is based, was without merit; for, as hereinbefore ruled, no averment is necessary on the subject of conspiracy, further than that one was entered into between the defendants.

(8, 9, 10) The eighth, ninth, and tenth special grounds of demurrer were properly overruled, because, although the petition may have contained the statement of facts which might have constituted separate and distinct causes of action and alleged acts done at different times, and differing in character, still each of these acts, as clearly appears from the petition, is stated to have been done in pursuance of and with a sole view to effectuate the illegal conspiracy, unlawfully to deprive the plaintiff of his possession of the premises.

The allegations of plaintiff's petition are consistent, and will entitle him, if proved as laid, to a recovery. A conspiracy to oust him by unlawful means from premises of which he was in possession is alleged. The unlawful acts used in carrying out the intent and purpose formed are fully detailed, and his damages, flowing from these acts, are set forth. *Judgment affirmed.*