### 2056. COLLIER, STEPHENS & COMPANY *v.* HECHT-BRITTINGHAM COMPANY.

The court did not err in overruling the certiorari.

Certiorari; from Pike superior court—Judge Reagan. June 21, 1909.

Submitted November 18,—Decided December 10, 1909.

*E. C. Armistead,* for plaintiffs in error. *A. A. Murphey,* contra.

POWELL, J. Hecht-Brittingham Co. sued Collier, Stephens & Co. in the county court of Pike county, on an open account. It appears that the defendants filed a plea of some nature to this action, but whether the plea went to the whole account or to only a portion of it, or was merely dilatory, does not appear. While the matter was pending, and before trial, they paid to the plaintiff, without the consent of the plaintiff's attorney, all of the debt, except a small sum, in settlement of the suit. Plaintiff's counsel then elected to proceed against the defendants for his attorney's fees, under the Civil Code, §2814. The only evidence introduced at the trial consisted of statements of counsel and certain papers tending

to show that the case had been settled, and proof of the value of the services of the plaintiff's attorney. The county judge gave judgment for the sum so proved as attorney's fees. The defendants brought the case, by certiorari, to the superior court; the certiorari was overruled, and to this they bring error.

Where the defendant settles with the plaintiff without the consent of plaintiff's attorney, the latter may, nevertheless, continue the action for the purpose of asserting his lien and recovering his fees; but before he can get a recovery against the defendant, he must make it appear that the defendant was indebted to him, or had endamaged him. *Atlanta Ry. & Power Co.* v. *Owens,* 119 *Ga.* 833 (47 S. E. 213). To state it differently, the attorney in such cases must introduce such proof as he should if the action were proceeding for the benefit of his client. The mere fact that the defendant pays less than the full amount, after suit is instituted, is at most an admission in the nature of a compromise, and would not prove that the liability in fact existed. Compare *Atlanta Ry. & Power Co.* v. *Owens,* supra. However, we are unable to say, from the record before us, that the county judge did not have sufficient evidence before him to justify a recovery in favor of the plaintiff. The statements in the record are too meager for us to settle this question definitely and certainly. It depends on the nature of the defenses filed by the defendants. If the account was verified by affidavit, and if the defendants filed no sworn plea, denying the justness and correctness of it, and there was personal service, no further proof as to it would have been necessary. The burden is on him who alleges error to show error. Therefore, every legal intendment will be taken to uphold the judgment complained of. It not affirmatively appearing that the county judge did not have sufficient evidence to authorize the judgment, the action of the superior court in overruling the certiorari will be                    *Affirmed.*