10501.   HOLBERT *v.* ALLRED.

</div>

JENKINS, P. J. The action was for money alleged to have been paid by the plaintiff's husband from her separate estate in settlement of a debt owing by him to the defendant. The plaintiff and the defendant settled the suit without trial, and the case was thereafter prosecuted by the plaintiff's attorneys for the purpose of recovering from the defendant the attorney's fees which the plaintiff had contracted to pay them. The question involved was whether the money paid by the plaintiff to

the defendant in settlement of her husband's debt was her money, or that of her husband; the plaintiff contending that the money belonged to her, and the defendant contending that it was the husband's money, and that she and her husband had entered into a conspiracy or mutual scheme to defraud the defendant, by which she was to take the money which in fact belonged to her husband, pay it over to the defendant as a part of the purchase-price of certain land purchased from the defendant by her husband, thereby securing possession of the land, and, after cutting a large amount of timber from the land and committing other specified acts of waste, for her then to sue for and recover the money as having been her own and not that of her husband. On the trial the defendant offered an amendment to his plea, to which the plaintiff demurred, and, the court having overruled the demurrer, the plaintiff excepted. The jury returned a verdict in favor of the defendant, and the plaintiff made a motion for a new trial, to the overruling of which the plaintiff excepted. *Held:*

1. "All parties, whether plaintiffs or defendants, in the superior or other courts, whether in law or in equity, *may at any stage of the cause* [italics ours], as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by. The defendant after the first term can not set up new matter by way of amendment, except as provided in section 5640." Civil Code (1910), § 5681. Thus, where the defendant is present at the trial, the court can not permit a plea setting up new facts to be filed without requiring an affidavit that the original plea did not omit such facts for the purpose of delay, and that the amendment is not now offered for delay (*Bass Co.* v. *Granite City Co.*, 119 *Ga.* 124 (4), 45 S. E. 980), unless it be that no such objection is made to its allowance at the time the amendment is offered; the plaintiff's failure at that time to enter his objection being taken as a waiver in the trial court; and such objection can not be raised for the first time on writ of error. *Edwards* v. *Boyd Co.*, 136 *Ga.* 723 (72 S. E. 34). The amendment was not subject to the demurrer attacking it upon the ground that it failed to allege sufficient facts to show a scheme to defraud the defendant.

2. Fraud may be established by circumstances, as well as by positive proof, and much latitude is allowed in introducing evidence for such purpose. *Causey* v. *Wiley*, 27 *Ga.* 444. Fraud being of a peculiarly subtle nature, slight circumstances may be sufficient to establish it. Civil Code (1910), § 4626; *Ridgeway* v. *Ridgeway*, 84 *Ga.* 25 (10 S. E. 495); *Higginbotham* v. *Campbell*, 85 *Ga.* 638 (11 S. E. 1027). This rule is particularly applicable where fraud is charged in family transactions. *Woodruff* v. *Wilkinson*, 73 *Ga.* 115. Thus, where two or more persons are charged with conspiring or entering into a mutual scheme to defraud, such a conspiracy or scheme may be shown by proof of facts evincing a concurrent knowledge and approbation in the persons conspiring, of each other's acts, and by proof of the separate acts of the several persons concentrating in the same purpose or particular object. *Dixon* v. *State*, 116 *Ga.* 186 (42 S. E. 357); *Woodruff* v. *Hughes*, 2 *Ga. App.* 361 (58 S. E. 551); 5 R. C. L. 1103, § 53. The

evidence in this case disclosed sufficient facts and circumstances to authorize the jury to find that the plaintiff and her husband had entered into the conspiracy or mutual scheme to defraud the defendant, as alleged, despite their positive testimony to the contrary. *Detwiler* v. *Cox*, 120 *Ga.* 638 (48 S. E. 142). The court therefore did not err in admitting the evidence complained of in the first, second, and third special grounds of the motion for a new trial, since where once the conspiracy or mutual scheme to defraud has been established, the act or declaration of one of the parties in the prosecution of the enterprise is considered the act or declaration of all. *Slaughter* v. *State*, 113 *Ga.* 284 (38 S. E. 854, 84 Am. St. R. 242); *Cowart* v. *Fender*, 137 *Ga.* 586 (73 S. E. 822, Ann. Cas. 1913A, 932); 5 R. C. L. 1103, § 53.

3. The request to charge set out in the fourth special ground of the motion for a new trial was sufficiently covered by the general instructions given, and therefore the failure to charge in the precise language requested is not cause for a new trial. *Atlanta & W. P. R. Co.* v. *Miller*, 23 *Ga. App.* 347 (5) (98 S. E. 248). Nor is the excerpt from the charge of the court complained of in the fifth special ground of the motion for a new trial erroneous for any of the reasons assigned.

4. While it is true that where a defendant settles with the plaintiff without the consent of the plaintiff's attorney, the attorney may continue the action for the purpose of asserting his lien and recovering his fees, still, before the attorney can get a recovery in such a case, he must introduce such proof as would be required if the action were proceeding for the benefit of his client. The mere fact that the defendant pays less than the full amount, after suit is instituted, is at most an admission in the nature of a compromise, and would not prove that any liability in fact existed. *Atlanta Ry. & Power Co.* v. *Owens*, 119 *Ga.* 833 (47 S. E. 213); *Collier* v. *Hecht-Brittingham Co.*, 7 *Ga. App.* 178, 179 (66 S. E. 400).

5. There was sufficient evidence to authorize the verdict, which has the approval of the trial judge, and no reason appears why it should be set aside.

*Judgment affirmed. Stephens and Smith, JJ., concur.*
DECIDED FEBRUARY 7, 1920.

Action for money had and received; from Pickens superior court —Judge Morris. March 10, 1919.

*Roscoe Pickett, W. T. Townsend,* for plaintiff.

*George D. Anderson, John S. Wood, William Butt,* for defendant.