ODUM *v.* THE STATE.

BELL, Justice. 1. The defendant was indicted for the offense of murder alleged to have been committed on July 1, 1935, by stabbing with a knife and beating with an iron pipe. On the trial two witnesses for the State were permitted to testify that in the month of October, 1935, during a disturbance between other persons, in which the defendant became involved, the witnesses overheard a statement, made by the defendant's wife in his presence, to the effect that he had killed one

man with an iron pipe and was not afraid to kill another, to which statement he made no response. The testimony of each of these witnesses was admitted over objection based upon the sole ground "that the wife of a defendant can not be made to testify against her husband; and that such evidence was not relevant or proper, for the reason that the law does not permit a wife to testify against her husband, and a third party can not testify as to a wife's statement." *Held*, that the court did not err in overruling this objection. *Knight* v. *State*, 114 *Ga.* 48 (39 S. E. 928, 88 Am. St. R. 17); *Williams* v. *State*, 139 *Ga.* 591 (77 S. E. 818); *Nunn* v. *State*, 143 *Ga.* 451 (2) (85 S. E. 346); *Hudson* v. *State*, 153 *Ga.* 695 (113 S. E. 519). The assignment of error does not raise the question decided in *Jones* v. *State*, 2 *Ga. App.* 433 (5) (58 S. E. 558), and *Bowen* v. *State*, 36 *Ga. App.* 666 (137 S. E. 793).

2. The court did not err in admitting the testimony of a chemist that he had made an examination of an iron pipe shown to have been found near the body of the deceased, and that the examination "disclosed evidence of blood on said pipe," over objection that "none of the witnesses had testified that the defendant was ever in possession of said pipe, or that he ever had any connection therewith." There was circumstantial evidence tending to show that the defendant had been in possession of the pipe and to establish his "connection therewith."

3. The same witness was permitted to testify, over objection, that he examined "the Chevrolet automobile in which the evidence showed certain other parties, who were jointly indicted with defendant, had been riding on the day on which the deceased was killed, and that his examination of said automobile showed blood about various parts of the car; the witness testifying that on the rear seat and other portions of the car he found blood spots and smears of human blood." The defendant objected to this evidence, on the ground that it was not shown that he "had ever been in said automobile and had any connection therewith," and that according to the testimony of the witness the examination was made some time in August or September, whereas the homicide was alleged to have been committed on July 1, and "that the evidence further disclosed that said automobile had been repossessed by the parties from whom it was originally purchased, and that there was no evidence that the blood in question had gotten on said car at the time of the alleged homicide." There being circumstantial evidence tending to supply the facts which by this objection it was contended were necessary to render the testimony admissible, the court did not err in admitting the testimony over the objection. The remoteness of the examination in point of time might have affected the weight of the evidence, but did not wholly destroy its probative value and render it inadmissible. See *Heatley* v. *State*, 39 *Ga. App.* 550 (147 S. E. 784).

4. The portion of the court's charge relating to conspiracy was not unwarranted by the evidence. "Conspiracy or common intent may be established by proof of acts and conduct, as well as of previous express agreement." *Davis* v. *State*, 114 *Ga.* 104 (39 S. E. 906). It may be shown by circumstantial or direct evidence. *McLeroy* v. *State*, 125 *Ga.* 240 (2) (54 S. E. 125).

5. There was circumstantial evidence to show a conspiracy or common intent on the part of the defendant and others to kill the deceased, and to authorize the inference that the killing was perpetrated accordingly. There was evidence also of a free and voluntary confession by the accused. While there was testimony tending to discredit the witness who testified as to such confession, the weight to be given to his testimony was a matter for the jury. "Proof of the corpus delicti and of a confession freely and voluntarily made will authorize the jury to convict." *Swint* v. *State*, 160 *Ga.* 148 (2,*a*) (127 S. E. 459). The evidence authorized the verdict, and the court did not err in refusing a new trial.                    *Judgment affirmed. All the Justices concur.*

No. 11600. FEBRUARY 12, 1937.

*Howard, Tiller & Howard,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, B. D. Murphy, J. W. LeCraw, E. E. Andrews, E. J. Clower,* and *John H. Hudson,* contra.