HUCKABY *et al. v.* GRIFFIN HOSIERY MILLS.

No. 16535. MARCH 16, 1949.

*Daniel Duke* and *Herbert G. B. King,* for plaintiffs in error.
*Cumming, Cumming & Cumming,* contra.

CANDLER, Justice. (After stating the foregoing facts.) Only two questions are presented for determination by the writ of error, and they are: (1) was the evidence sufficient to authorize the trial judge to find, as a matter of fact, that the plaintiffs in error had actual knowledge of the restraining order alleged to have 'been violated? and (2) assuming that they had actual knowledge of the restraining order, was the evidence sufficient to authorize the judge to find that they had violated its terms? Other assignments of error that were not abandoned, either expressly or by the failure of counsel to insist upon them, are controlled by the rulings made on the questions presented.

The plaintiffs in error were not named as parties defendant in the original injunction proceeding. Nevertheless, it is well settled that they were subject to attachment for contempt for a violation of the terms of the restraining order, provided it was shown by the evidence that they acted after having actual knowledge of the court's order. *Carson* v. *Ennis,* 146 *Ga.* 726 (92 S. E. 221); *Tomlin* v. *Rome Stove & Range Co.,* 183 *Ga.* 183 (187 S. E. 879); *Lassiter* v. *Swift & Co.,* 204 *Ga.* 561 (50 S. E. 2d, 359). On this question the record presents no difficulty. It is undisputed that Huckaby and Akin were members of Branch 115 of the American Federation of Hosiery Workers, and were on strike against Dovedown Hosiery Mills at the time the restraining order and the order of continuance were issued. The evidence on the hearing of the application for attachment for contempt was limited to the sworn pleadings and affidavits. The petition was verified by E. Shapard, vice-president of Griffin Hosiery Mills, by an affidavit, in which he stated that the allegations of the petition are true. It was admitted in evidence, without objection, as an affidavit. It was alleged therein that Huckaby and Akin "had actual notice of the aforesaid restraining order and its continuance by the order of November 13, 1948, prior to the time of the commission of the acts hereinafter alleged." While Huckaby and Akin, in their answer which was

verified on information and belief only, denied this allegation of the petition, yet neither party in his sworn affidavit, which was introduced in evidence, denied having actual knowledge of the restraining order. This direct proof authorized the trial judge to find that the plaintiffs in error acted after having actual knowledge of the existence and contents of the injunction order.

■ Having held that the evidence authorized the finding that the plaintiffs in error had actual knowledge of the restraining order, we now turn to a consideration of the question whether the evidence authorized the judge to find that they had violated its terms. It is conceded that Huckaby and Akin are guilty, if at all, of violating only the following provision of the restraining order: "from using any threats to or towards any employee to refrain from working at said mills." The evidence, as gathered from the affidavits offered by the petitioner, shows: That on the evening of November 15, 1948, just after dark, Huckaby and Akin were standing in Deedy Woodruff's front yard trying to persuade him to cease his work at the mill; that as Hulon Davis passed in his car he was asked to stop by Akin (Akin and Huckaby), and he did stop and drive his car into Woodruff's yard; that Huckaby and Akin then continued in their efforts to persuade Woodruff and Davis to stop working at the mill; that when Davis turned to leave, Huckaby said to him, "Will you. come on out of the mill with us?" Davis replied that he would not. That Huckaby then struck Davis in the face, and they fought until separated by Akin and another person, that Woodruff then ordered Huckaby and Akin to leave his property, but they refused to leave until a State patrolman drove up, whereupon they both left in Akin's car, but were halted by the patrolman. There was evidence that both Huckaby and Akin were under the influence of intoxicants. Huckaby and Akin stated in their affidavits that it was their information and belief that the incident was instigated and provoked at the instance of the vice-president of the mills so that a rule for contempt for violating the restraining order could be brought against them; and that the fight was provoked by Davis by the use of vile and abusive language toward Huckaby.

"Whether a contempt of court has been committed in the violation of an injunctive order, and how it shall be treated are

questions for the discretion and judgment of the court that issued the order, and its discretion will not be interfered with by this court unless there is an abuse of discretion. If there be any evidence from which the judge could have concluded that the order had been violated, this court, under the above rule, has no power to disturb his judgment." *Patten* v. *Miller*, 190 *Ga.* 152 (5) (8 S. E. 2d, 786); *Corley* v. *Crompton-Highland Mills*, 201 *Ga.* 333 (39 S. E. 2d, 861). There can exist no doubt but that the evidence was amply sufficient to authorize the trial judge to find that Huckaby was guilty of violating the terms of his injunctive order. However, it is strongly urged that Akin was acting more in the nature of a peacemaker, and that there was no evidence to authorize the finding of guilt against him. Whether or not the individual conduct of Akin was sufficient to authorize a finding of guilt against him, yet—when considered in connection with that of Huckaby, and based upon the facts that both were members of the striking union, both were under the influence of intoxicants, both were at the home of a working employee of the mill trying to persuade him to cease working, both stopped another employee who was passing in his car and tried to persuade him to stop working, both refused to leave after the fight but left together when an officer approached—the trial judge was authorized to find that a conspiracy or common intent existed between Huckaby and Akin to intimidate the employees to refrain from working at the mill, and that the fight was a consequence of such common intent. This being true, the words and actions of one would be chargeable to the other for the purpose of establishing guilt of a violation of the court's order. A conspiracy or common intent may be shown to have existed between parties by proof of acts and conduct (*Davis* v. *State*, 114 *Ga.* 104, 39 S. E. 906; *Odum* v. *State*, 183 *Ga.* 854, 190 S. E. 25); and it may be shown by circumstantial or direct evidence. *McLeroy* v. *State*, 125 *Ga.* 240 (2) (54 S. E. 125). "The law recognizes the intrinsic difficulty of proving a conspiracy. . . The conspiracy may sometimes be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances." *Woodruff* v. *Hughes*, 2 *Ga. App.* 361 (58 S. E. 551); *Horton* v. *Johnson*, 192 *Ga.* 338, 346 (15 S. E. 2d, 605).

Under this view of the case, the evidence authorized the judge to conclude that his order had been violated by both Huckaby and Akin, and we therefore have no power to disturb his judgment. *Judgment affirmed. All the Justices concur.*