## 43723.   COLE v. THE STATE.

JORDAN, Presiding Judge.   Cole was convicted of a felony for making a material false statement, with fraudulent intent, in applying for a certificate of title to an automobile, in violation of Subsection 31 (a) (4) of the Motor Vehicle Certificate of Title Act (Ga. L. 1961, pp. 68, 88; *Code Ann.* § 68-431a (a) (4)), and sentenced to pay a fine of $3,000. He moved for a new trial on the general grounds, and enumerates as error on appeal the order overruling this motion.   *Held:*

The sole issue for review by this court is whether the evidence authorized the verdict of guilty.   Notwithstanding the statutory requirements of § 20 of the Motor Vehicle Certificate of Title Act, as amended in 1965 (Ga. L. 1965, pp. 264, 265) requiring an owner disposing of a vehicle for salvage to deliver the certificate of title to the State Revenue Commissioner for cancellation, along with the serial plate, an Ohio insurance company, which had acquired a damaged 1964 Oldsmobile pursuant to an insurance settlement, returned the detached manufacturer's serial plate to its agent who personally delivered it to the defendant, as the high bidder for the vehicle disposed of as salvage, and later mailed the Ohio title directly to the defendant.   On January 11, 1966, the defendant appeared in person before a representative of the State Revenue Commissioner in connection with his application for a Georgia title, and after questioning, the defendant executed an affidavit prepared for him by the representative.   The affidavit is as follows: "I hereby certify that I purchased on December 30, 1965, one 1964 Oldsmobile, serial number 844M184300, from Nationwide Mutual Insurance Company of Columbus, Ohio, and that the vehicle was undamaged and the serial plate present and intact."

While there are conflicts in the evidence as to the events transpiring immediately before the defendant signed the statement, he admitted in an unsworn statement in open court that he did sign the document and that it was false.   The gist of his defense is that he did not bother to read what was in the affidavit before signing, and signed it without any fraudulent intent to make a material false statement.   Intent being a state of mind it must, unless admitted, be inferred by the jury from the acts of a person and the circumstances surrounding his actions.   See *Code* § 26-202.   It is settled law

that one is presumed to intend the necessary and legitimate consequences of that which he knowingly does, and that the intention with which an act is done is peculiarly a question for a jury. If the testimony of the State's witnesses as to the events preceding the execution of the affidavit is to be accepted in preference to the defendant's unsworn statement and testimony in his behalf, it is clearly inferable that the defendant was fully aware of what he was signing and knew that he could not obtain a Georgia title for the vehicle, based on the Ohio title and use of the serial plate for identification, unless he falsely represented that he had acquired the vehicle from the insurance company in an undamaged condition, with the serial plate intact.

The jury was authorized to conclude from the evidence that beyond a reasonable doubt, to the exclusion of every other reasonable hypothesis, this was the intention of the defendant. The verdict being authorized by the evidence, the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED JUNE 5, 1968—DECIDED JULY 10, 1968—
REHEARING DENIED JULY 30, 1968.

*Craig & Reeves, Gene Reeves, Jr.,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Robert Sparks,* for appellee.