*Percy J. Blount*, for appellee.

## 44802. WALDEN v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of the offense of unlawfully receiving, harboring and concealing an escaped convict. The appeal is from the judgment and sentence, including the overruling of a motion to quash the indictment and the motion for new trial, as amended. The substance of the alleged crime as disclosed by the evidence was that the accused assisted in the escape and then harbored the escaped State prisoner. This was shown by facts and circumstances amounting to an alleged conspiracy by the accused to assist the prisoner to escape, after which he was allegedly harbored by the accused. The testimony, in the main, discloses that the accused and his wife, both using an assumed name, together with another man and a little girl, visited the prisoner at the Reidsville Penitentiary shortly before he was transferred to the Talmadge Memorial Hos-

pital in Augusta, from which he escaped. Another prisoner testified that the (escaped) prisoner on the night before he escaped gave him the Atlanta telephone number of the accused and wanted him to call the accused and tell him he would be in Augusta, that a guard was supposed to call but he wanted to be sure. This prisoner also testified that a custodial officer named O'Neil told the (escaped) prisoner in their presence shortly before leaving for Augusta that he had got a call through to Raymond and "he is going to be at the hospital to pick you up." An Atlanta telephone official testified that there was a long distance call from Collins, Ga. to this number on the day before the escape. The Atlanta number was listed in the name of J. R. Walden. A white Ford car with an Atlanta license plate was seen following the car in which a guard and two prisoners being transferred from Reidsville were riding; a white car was also seen in the vicinity of the hospital thereafter, and also a light or off-white car was seen at or near the mother's home in Atlanta during the time the escapee was supposedly there, and the accused and another man and a little girl were seen riding in the car. Another witness testified that during the period the prisoner was allegedly harbored in the home of the mother of the accused she heard voices through the walls in the mother's apartment. The voices were male voices talking to a child, and one of the voices sounded like that of the accused, but she would not testify that it was his voice. A police officer testified the escapee was found in the apartment of the defendant's mother. He further testified that an informant told him the accused took the escaped convict from the Talmadge Memorial Hospital to his mother's home, and, based on the information of the informant, the police officers obtained a search warrant and recaptured the escaped convict.

The appeal is from the overruling of motions to quash, for new trial, as amended, and in arrest of judgment. Error is enumerated on the denial of the motion for new trial as amended, a charge on the law of conspiracy, and on the admission of a number of documents, being copies of indictments. *Held:*

1. A conspiracy may be shown by circumstantial evidence. It is not necessary that the conspirators ever had a meeting, or a formal or other agreement to accompish the purpose of

their joint efforts and it may be inferred from the acts, declarations and conduct of the co-conspirators, together with other circumstances in the case. "To show conspiracy it is not necessary to prove that the parties met together or entered into any specific or formal agreement, or that by words or writing they formulated their unlawful objects. Proof that the two or more persons, either positively or tacitly, come to an understanding that they will accomplish an unlawful design, or a lawful design unlawfully, is sufficient." *Woodruff v. Hughes,* 2 Ga. App. 361 (3) (58 SE 551). See also *Huckaby v. Griffin Hosiery Mills,* 205 Ga. 88, 91 (52 SE2d 585), wherein it is said: "A conspiracy or common intent may be shown to have existed between the parties by proof of facts and conduct (*Davis v. State,* 114 Ga. 104 (39 SE 906); *Odum v. State,* 183 Ga. 854 (190 SE 25)); and it may be shown by circumstantial or direct evidence. *McLeroy v. State,* 125 Ga. 240 (2) (54 SE 125). 'The law recognizes the intrinsic difficulty of proving a conspiracy. . . The conspiracy may sometimes be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances.' *Woodruff v. Hughes,* 2 Ga. App. 361 (58 SE 551); *Horton v. Johnson,* 192 Ga. 338, 346 (15 SE2d 605)." Again, in *Nottingham v. Wrigley,* 221 Ga. 386, 388 (144 SE2d 749), the Supreme Court held: ". . . conspiracy may sometimes be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances. . . It is not necessary to prove an express compact or agreement among the parties thereto. The essential element of the charge is the common design; but it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design." See also *Holbert v. Allred,* 24 Ga. App. 727 (2) (102 SE 192), and citations; *Archer v. Gwinnett County,* 110 Ga. App. 442 (2) (138 SE2d 895); *Cook v. Robinson,* 216 Ga. 328, 329 (116 SE2d 742). The evidence here of a conspiracy by and between Cozzalino and Walden was based on circumstances alone. But, under

the above authorities, the evidence was sufficient for the court to charge on conspiracy and also to authorize the jury to find that a conspiracy existed between the defendant and Cozzalino to assist him in escaping and to conceal him thereafter. To warrant the court in charging the jury on a given topic it is not necessary that the evidence should shine upon it with a clear light but "it is enough if glimpses of it be afforded by the evidence." *Brown v. Matthews,* 79 Ga. 1 (2) (4 SE 13). The court did not err in charging the law of conspiracy.

2. "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." *Code* § 38-302. During the legal investigation by police officers, based upon information received from an informant, a search warrant was taken out for the apartment of the mother of the accused, and as a result, the escaped convict was found. A detective testified that an informant had told him that the accused took the escaped convict from the Talmadge Memorial Hospital to his mother's home. The information received from the informant is only allowed to be used in evidence to explain the conduct of the police officers in obtaining the search warrant of the mother's premises, which is admitted in evidence not as hearsay, but as original evidence as to why he obtained the search warrant. However, it is noted that the accused failed to object to this evidence as hearsay with no probative value to show the accused guilty of the crime but merely objected that the information given the police by the informer would be inadmissible for obtaining the warrant. Counsel should have objected to the allowance of this testimony as pure hearsay with no probative value when the question was asked: "Did the informer tell you who took him from Augusta. . .?" and "Whom did he tell you?" Since the accused failed to properly object to the allowance in evidence of this testimony the special ground of the amended motion for new trial complaining thereof is not meritorious.

3. When the record of the court in which a case is being tried is material evidence in a case, it may be proven by the production of the record itself, and a certified copy is not necessary. *Sheppard v. State,* 95 Ga. App. 507 (2) (98 SE2d

169); *Sellers v. Page*, 127 Ga. 633 (5) (56 SE 1011); *Reed v. Reed*, 202 Ga. 508, 514 (43 SE2d 539). See also *Code* § 38-304. None of the errors enumerated on the allowance in evidence of the various indictments from the same court involving the prisoner and the accused, the same being material to the issue here, is meritorious.

4. The conviction here was based largely upon circumstantial evidence. In order for a conviction based upon circumstantial evidence alone to be upheld the proved facts must exclude every other reasonable hypothesis save that of the guilt of the accused and be consistent with the hypothesis of guilt. *Code* § 38-109; *Worley v. State*, 91 Ga. App. 663 (1) (86 SE2d 702). But the circumstances need not remove every possibility of the defendant's innocence. See *Eason v. State*, 217 Ga. 831 (125 SE2d 488). The evidence, in substance, discloses: The prisoner was planning to escape, made statements he had a friend outside, and mentioned Walden's name. A few days before the escape, the accused visited the prisoner under an assumed name at the Reidsville State Penitentiary. When he found out he was going to Augusta, he requested another prisoner to call the accused at the telephone located at the home of the accused in Atlanta, and tell him or anyone who answered that he was going to the hospital in Augusta. The accused was seen in the hospital a few minutes before the prisoner escaped, where he spoke to a guard in the lobby and walked very close to the prisoner. Shortly before the arrest of the convict in the home of the mother of the accused, male voices were heard through the walls of the adjoining apartment and one of the voices sounded like that of the accused. He was also seen in a white car, or off-white car, with another man and a little girl, in the vicinity of his mother's apartment shortly before the prisoner was found there. The evidence is therefore sufficient to authorize the jury to find that the defendant aided the convict in his escape and thereafter concealed and harbored him. In *Moore v. State*, 94 Ga. App. 210, 212 (94 SE2d 80), it is held: "To receive, harbor, conceal, assist or protect one guilty of a crime at common law carried with such acts the connotation of giving aid or assistance to the criminal in order to enable him to escape the consequences of his crime such as enabling him to avoid arrest, prosecution, or punishment." Hence, the act of helping to escape,

which, in effect, helps to avoid punishment, is merged into and is also a part of the crime of harboring, concealing and receiving. The evidence was sufficient to support the verdict, and the general grounds of the motion for new trial are not meritorious.

5. Having considered every enumeration of error argued by counsel and finding no harmful errors, the judgment is

*Affirmed. Jordan, P. J., and Whitman, J., concur.*

ARGUED OCTOBER 7, 1969—DECIDED FEBRUARY 6, 1970.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, J. Roger Thompson, Tony H. Hight,* for appellee.