45634. FIELDS REALTY & INSURANCE COMPANY
et al. v. SMITH et al.

Argued September 17, 1970—Decided January 19, 1971—
Rehearing denied February 19, 1971.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellants.

*Curtis R. Richardson, Davis & Stringer, Robert H. Stringer, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Malcolm H. Ringel,* for appellees.

HALL, Presiding Judge. The briefs of all parties discuss at length the badges of fraud, elements of a conspiracy, election of remedies, etc. We believe the determining factor lies elsewhere. In a similar action, this court said, "it is manifest throughout all of the cases that the gist of an action by a broker to recover commissions is the showing that the plaintiff-broker was the procuring or

efficient cause of the sale. See annotations *Code* § 4-213 and 12 CJS 207, Brokers, § 91. . . . In absence of alleging those essentials, there can be no contract breached in the first instance nor a conspiracy coupled with a wrong done in the second." *Woodall v. McEachern,* 113 Ga. App. 213, 221 (147 SE2d 659).

While the *Woodall* case was determined on demurrer, the same principles apply if the word "proving" is substitued for "alleging." See also *Morgan v. Ezzard,* 121 Ga. App. 208 (173 SE2d 423).

Plaintiffs here failed to make a prima facie case that they were the procuring or efficient cause of the sale. On the contrary, the evidence shows that any transaction involving plaintiffs had been abandoned by all defendants, and that if anyone was the procuring cause of the sale as it finally transpired, it was Mrs. Klee. Plaintiffs made no showing which contradicted this evidence.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Eberhardt, Pannell, Deen, Quillian and Whitman, JJ., concur. Evans, J., dissents.*

EVANS, Judge, dissenting. I dissent from the judgment of affirmance and from the opinion on which such judgment is based.

In substance, the evidence showed: Plaintiffs were engaged in the real estate business. One of the defendants was the owner of property which he wished to sell, and the other two defendants (husband and wife) were prospective purchasers of said property. The real estate firm and the owner had agreed that plaintiffs might show and sell the property on certain terms and for a commission. The real estate firm showed the property to said prospective purchasers (husband and wife) who did not buy the property then and there, but just three days later, and in fact, only a few hours after they had again looked at the dwelling with the realty firm's agent, a written agreement with the owner for the purchase of said property was consummated by the wife, and thus left the real estate firm out in the cold.

Plaintiffs filed suit against the seller and the two purchasers, alleging that they had conspired to defraud plaintiffs out of a commission on the sale. The suit proceeded in two counts, one being for fraud and deceit, and the other being on an oral contract. At the trial, after hearing evidence, the lower court directed a verdict against the plaintiffs, and the appeal is from this judgment.

I readily concede that there was no direct evidence in the case which positively and absolutely shows fraud, but fraud, "being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." *Code* § 37-706; *Holbert v. Allred,* 24 Ga. App. 727 (2) (102 SE 192). "Fraud may be consummated by signs or tricks, or through agents employed to deceive, or by any other unfair way used to cheat another." *Code* § 37-705. Further: "Fraud may be actual or constructive. Actual fraud consists in any kind of artifice by which another is deceived. Constructive fraud consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." *Code* § 37-702.

The conduct of the defendants in this matter is most important, since a conspiracy may be inferred therefrom. The seller, who was also a real estate broker, had been trying to sell the dwelling through multiple listing services; was willing for the plaintiffs to show it, and agreed to pay them a commission if it was sold by the plaintiffs. The house was shown by the plaintiffs to the purchasers. The defendant seller had knowledge the defendant buyers were shown the house and had refused to sell it to them, by and through the plaintiffs, for $38,000. He would sell it for $40,000. The plaintiffs had shown the house to the purchasers on the very date the sale was negotiated directly by the purchasers with the seller; and had also shown it to the wife three days before. The defendant buyers did not authorize a contract for $40,000; but on the same date they last examined the house, entered into a direct contract with the seller for $40,000 in complete disregard of plaintiffs. And on cross examination, the wife admitted she had requested her mother not to say anything to anyone about the purchase until the loan went through.

Only a jury in this case had the right to determine what the scienter or intent of the defendants was respecting their conduct in this matter. In the case of *Cole v. State,* 118 Ga. App. 228, 229 (163 SE2d 250), it is held: "Intent being a state of mind, it must, unless admitted, be inferred *by the jury* from the acts of a person and the circumstances surrounding his actions." (Emphasis supplied.) In *Grainger v. Jackson,* 122 Ga. App. 123, 127 (176 SE2d

279), it is held: "In an action for deceit, there are traditional elements which must be proved, of course, and a material misrepresentation or concealment is one of them, as is knowledge of the falsehood or reckless disregard of the true facts. *Code* § 105-302. Equally basic however, is the proposition that fraud is 'in itself subtle,' *Code* § 37-706, and that '*circumstances apparently trivial or almost inconclusive,* if separately considered, may by their number and joint operation . . . .be sufficient to constitute conclusive proof.' *Eberhardt v. Bennett,* 163 Ga. 796, 802 (137 SE 64)." (Emphasis supplied.)

Further, a conspiracy may be proven by circumstances alone, and it is not necessary to prove that these alleged conspirators ever met together or entered into an agreement to accomplish the purpose of cheating the plaintiffs out of the commission, but this may be inferred from the acts, declarations and conduct of these defendants.

"'To show conspiracy it is not necessary to prove that the parties met together or entered into any specific or formal agreement, or that by words or writing they formulated their unlawful objects. Proof that the two or more persons, either positively or tacitly, come to an understanding that they will accomplish an unlawful design, or a lawful design unlawfully, is sufficient.' *Woodruff v. Hughes,* 2 Ga. App. 361 (3) (58 SE 551). See also *Huckaby v. Griffin Hosiery Mills,* 205 Ga. 88, 91 (52 SE2d 585), wherein it is said: 'A conspiracy or common intent may be shown to have existed between the parties by proof of facts and conduct (*Davis v. State,* 114 Ga. 104 (39 SE 906); *Odum v. State,* 183 Ga. 854 (190 SE 25); and it may be shown by circumstantial or direct evidence. *McLeroy v. State,* 125 Ga. 240 (2) (54 SE 125). "The law recognizes the intrinsic difficulty of proving a conspiracy. . . The conspiracy may sometimes be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances." *Woodruff v. Hughes,* 2 Ga. App. 361 (58 SE 551); *Horton v. Johnson,* 192 Ga. 338, 346 (15 SE2d 605).'" *Walden v. State,* 121 Ga. App. 142, 144 (173 SE2d 110).

The seller denied that he authorized the realty firm to show the house further, and all defendants denied any conspiracy or intent

to defraud the plaintiffs, but this conflict in the evidence created issues for the jury to decide, and I therefore would reverse the judgment based on the directed verdict by the court.