James L. Fisher, to use of Rachel J. Fisher, Appellant, *v.* W. S. Guffey and Emmett Queen, trading as Guffey & Queen, and The South Penn Oil Company.

*Lease—Oil and gas lease—Assignment of lease—Covenant running with the land.*

An assignment of an oil and gas lease in consideration of a certain sum paid at the time of the assignment, " and the further consideration of the sum of $1,000 if oil is found in any well drilled on any of the territory ' herein described, and said well or territory be further operated by the said " assignee, creates no covenant running with the land, and the as-

signor is not entitled to recover from an assignee of the assignee the $1,000 mentioned in the assignment.

Argued Oct. 19, 1899. Appeal, No. 92, Oct. T., 1899, by plaintiff, from judgment of C. P. Greene Co., June T., 1898, No. 7, on demurrer to statement. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for money alleged to be due under an assignment of a gas lease.

The assignment which was the basis of plaintiff's claim was as follows:

"For and in consideration of the sum of five hundred dollars ($500) to me in hand paid by F. B. Tomb, receipt whereof is hereby acknowledged, and the further consideration of the sum of one thousand dollars ($1,000) if oil is found in any well drilled on any of the territory herein described, and said well or territory be further operated by the said F. B. Tomb [or assigns], I, J. L. Fisher, hereby sell, assign and transfer unto F. B. Tomb, of Wilkinsburg, Pennsylvania, his heirs and assigns, all the following described leasehold interests in and leases of property in Jackson, Aleppo and Springhill townships, Greene county, Pennsylvania, and Clay district, Wetzel county, West Virginia, aggregating about four thousand (4,000) acres; together with all my rights, licenses and privileges in, to or concerning the premises described in said leases or intended so to be. To have and to hold the said interest unto the said F. B. Tomb, his heirs and assigns, subject to the rents, royalties and conditions in said leases contained."

The defendants were assignees of F. B. Tomb.

The court in an opinion by CRAWFORD, P. J., sustained defendants' demurrer.

*Error assigned* was the judgment of the court.

*James J. Purman*, with him *J. P. Teagarden* and *S. F. Grim*, for appellants.—This covenant to pay $1,000 being in the grant from Fisher to Tomb, and that grant having passed from Tomb to Guffey & Queen, and then to the South Penn Oil Company, and a copy thereof being attached to and made part of the

plaintiff's statement, and it being the title under which the South Penn Oil Company holds and operates the land, the contents of which it was bound to know at its peril, it is bound to take notice of anything standing in the title it purchased that would create a liability on it to pay: Wade on the Law of Notice, secs. 334, 335; Beidelman v. Foulk, 5 Watts, 313; Ogden v. Porterfield, 34 Pa. 197; LaFayette Bldg. Saving and Loan Assn. v. Erb, 8 Atl. Rep. 62; Hancock v. McAvoy, 151 Pa. 439; Lodge v. Simonton, 2 P. & W. 439; Washington Nat. Gas Co. v. Johnson, 123 Pa. 591.

We fail to see that the covenant to pay in the assignment could be anything more or less than the same thing as a covenant to pay in the original grant so far as subsequent owners are concerned: Bradford Oil Co. v. Blair, 113 Pa. 83; Carr v. Lowry, 27 Pa. 257; Stone v. Marshall Oil Co., 188 Pa. 602; 1 Washburn on Real Property (5th ed.), 528; 2 Washburn on Real Property, 298; Clover v. Cope, 4 Mod. 80; Streaper v. Fisher, 1 Rawle, 160; Herbaugh v. Zentmyer, 2 Rawle, 159.

The covenant to pay $1,000 being in the grant, and going with the grant, as a condition upon which the grant shall become fully operative, it is thus shown in what manner the oil granted should be taken, and makes the covenant to pay $1,000 a covenant real: Fisher v. Lewis, 3 Pa. L. J. 73; Cathcart v. Bowman, 5 Pa. 319; Springer v. Phillips, 71 Pa. 60; Wills v. Manufacturers' Nat. Gas Co., 130 Pa. 222; Fennell v. Guffey, 39 Pa. 341.

*James E. Sayers*, with him *M. F. Elliott*, for appellee.—There was no covenant running with the land: Jackson and Gross on Landlord and Tenant, 540; Spencer's Case, 1 Smith's Leading Cases, *68; Hollingsworth on Contracts, 410; Glasgow v. Chartiers Oil Co., 152 Pa. 48; Venture Oil Co. v. Fretts, 152 Pa. 451; McNish v. Stone, 152 Pa. 457; Newburg Petroleum Co. v. Weare, 9 N. E. Rep. 845; Beach v. Morris, 12 S. & R. 16; Washington Natural Gas Co. v. Johnson, 123 Pa. 576; Brown v. Beecher, 120 Pa. 590; Kile v. Giebner, 114 Pa. 381; Titusville Novelty Iron Works' App., 77 Pa. 103.

OPINION BY MR. JUSTICE FELL, October 30, 1899:

The demurrer of the South Penn Oil Company was sustained

on the ground that the statement filed disclosed no cause of action against it. The averments relied upon to sustain the action may be briefly stated: J. L. Fisher, the plaintiff, sold and assigned a number of leases, covering about 4,000 acres of land, to B. F. Tomb. The consideration named in the assignments was $500 paid at the time, and $1,000 to be paid thereafter in case oil was found in any well drilled and the territory was further operated by Tomb or his assigns. This assignment was subject to the conditions as to the payment of rents and royalties contained in the lease to Fisher. Tomb assigned these leases to Guffey & Queen who assigned them to the South Penn Oil Company. The oil company drilled a well, found oil, and is further operating for oil. The contention of the plaintiff is that the obligation of Tomb to pay $1,000 additional if oil was found is a covenant running with the land, and that by reason of the assignments mentioned the South Penn Oil Company is liable for the payment of this amount to him.

It was within the power of the plaintiff while holding the leasehold interest to exact covenants which would bind a subsequent assignee in possession of the land, but that he did not do so is manifest. He parted with his whole interest for a present consideration paid, and a future contingent consideration to be paid by Tomb if oil was found in paying quantities. Tomb took the assignments subject to all the conditions of the original leases and to the payment of the rents and royalties reserved, and he paid $500 for the transfer and agreed to pay $1,000 additional if oil was found. This was merely a bonus. We see no indication that the parties meant to charge the land, and unless it appears that there was an intention to create a charge it is useless to pursue the inquiry further.

The judgment is affirmed.