## Samuel R. Montgomery et al., Appellees, v. O. Hickok et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Crawford county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Samuel R. Montgomery, Alice Montgomery and Herman Montgomery against O. Hickok, W. C. Turner, Fred Zeigler, D. E. Jones, J. W. White and W. E. Stathers to recover from the defendants the sum of one thousand dollars alleged to be due from defendants to plaintiffs upon an oil and gas lease executed by plaintiffs to Fred Zeigler on a forty acre tract of land.

The declaration alleged that defendants by various assignments and conveyances became the owners of

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

said lease as a copartnership under the name of the Bess Oil Company and that said company pursuant to the terms of the lease drilled a well on said lands which said well when completed was a paying oil well within the meaning of the terms of the lease, which provided that the lessee should pay to the lessor the sum of two thousand dollars in case the first should be a paying well. The declaration further alleged that by reason thereof defendants became indebted to plaintiffs in the sum two thousand dollars and that they had paid the sum of one thousand dollars on the debt.

The defendants J. W. White, W. C. Turner and W. E. Stathers each for himself filed a plea of the general issue, a verified plea denying joint liability, and a plea of the statute of frauds. By agreement a jury was waived and the cause tried by the court. The suit at the conclusion of the evidence was dismissed as to Fred Zeigler. The court found the issues in favor of plaintiffs against O. Hickok, W. C. Turner, D. E. Jones, J. W. White and W. E. Stathers for one thousand dollars, and upon the finding entered judgment against W. C. Turner, J. W. White and W. E. Stathers, the defendants of whom the court had jurisdiction, and on plaintiff's motion ordered *scire facias* to issue against the defendants O. Hickok and D. E. Jones to show cause why they should not be made parties to the judgment. To reverse the judgment Turner, White and Stathers appeal.

By the terms of the lease all covenants and agreements between the parties were extended to their heirs, executors, administrators, successors and assigns.

McCARTY & ARNOLD, for appellants.

PARKER & EAGLETON, for appellees.

MR. JUSTICE HARRIS delivered the opinion of the court.

Bell v. East St. Louis and Suburban Ry. Co., 188 Ill. App. 350.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 415*—*when covenant in lease binding on assignees.* Where a covenant between lessor and lessee relates to a thing not *in esse* but which is yet to be done upon the land tending to enhance its value or to render its enjoyment more beneficial to the owner or occupant, the assignees if named are also bound.

2. COVENANTS, § 19*—*when covenant in oil and gas lease runs with the land.* A covenant in an oil and gas lease providing for the payment of a certain sum to the lessor in case the first oil well is a paying well, *held* to be a covenant running with the land and binding upon the assignees of the lessee where they proceeded under the lease, drilled the well and made a part payment to the lessor according to the terms of the lease.

3. LANDLORD AND TENANT, § 67*—*what constitutes "paying well" within meaning of oil and gas lease.* Under a covenant in an oil and gas lease to pay a certain sum in case a well drilled by the lessee is a paying well, *held* that the cost of equipment and drilling of the well was not to be taken into consideration in determining whether it was a paying well.

4. PARTNERSHIP, § 30*—*when persons liable as partners.* Assignees taking an assignment of an oil and gas lease from the lessee and drilling an oil well pursuant to the terms of the lease under the name of an oil company, *held*, liable to the lessor on the covenants in the lease as partners regardless of any arrangement between them as a partnership.