LOCAL FEDERAL SAVINGS & LOAN ASS'N v. ECKROAT et al.

*100 P. 2d 261.*

No. 29158.   March 12, 1940.

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

Howard B. Hopps and A. D. Erdberg, both of Oklahoma City, for defendants in error.

GIBSON, J. This is an action to recover oil payments allegedly due the plaintiffs under an oil and gas mining lease on their premises.

The defendant Local Federal Savings & Loan Association conveyed the premises to plaintiffs by warranty deed. The habendum portion of the deed contained the usual covenants of warranty, but concluded with the clause "except an oil and gas lease to Phillips Petroleum Co." The lease so referred to had been executed by the aforesaid association to the defendant Phillips Petroleum Company prior to the execution of plaintiffs' deed, and contained the usual royalty provisions to be found in such leases, and recited a bonus consideration of $1, and contained the further provision as follows:

"As an additional consideration lessee agrees to pay lessor the sum of Five Hundred and no/100 ($500.00) Dollars per lot from the proceeds of the sale of one-eighth ($\frac{1}{8}$) of seven-eighths ($\frac{7}{8}$) of the first oil, if, as and when produced and saved from said leased premises under this lease in the proportion that the area of each owner bears to the entire leased or consolidated tracts."

Subsequently, the company, as lessee, discovered oil on the premises and commenced paying to the plaintiffs their portion of royalties as reserved in the lease, and also commenced paying them the additional consideration as set out in the above-quoted provision. After the company had made payments to plaintiffs totaling approximately one-half the additional consideration due under the clause aforesaid, the defendant association served notice on the company claiming for itself the benefits accruing under said additional consideration clause. Thereupon the company ceased to make further payment of any kind to the plaintiffs, and this action resulted.

Plaintiffs seek judgment against Phillips Petroleum Company for the amount of the payments withheld, and judgment against the association for costs, including attorney fees. By cross-petition the association seeks judgment against the petroleum company for the amount accruing under said additional consideration clause.

Plaintiffs base their case upon the theory that said clause constituted a covenant running with the land, with its accruing benefits or burdens therefore to fall upon them as owners of the land. On the other hand, the association asserts that said clause constituted merely a personal obligation on the part of the lessee, an obligation to pay the association an additional bonus upon a contingency.

The trial court held that the aforesaid exception contained in the warranty deed had the effect of excluding the oil and gas lease from the operation of the warranty clause and to place the plaintiffs on notice of the contents of the lease. Echolustee Oil Co. v. Johnston, 153 Okla. 92, 3 P. 2d 227. After so holding, the court stated that the question to be determined was whether the deed conveyed the additional payments provided for in the oil and gas lease. That question was decided in the affirmative, and judgment rendered accordingly for the plaintiffs.

The effect of the judgment was to hold that the agreement contained in the oil and gas lease to pay the additional consideration out of the proceeds to be derived from the sale of oil representing one-eighth of the seven-eighths working interest as the same was produced constituted a covenant running with the land, and therefore passed with its benefits or burdens under the deed to plaintiffs as grantees of the association. This is assigned as error.

The association also objects to the further finding that the additional payments in question constituted royalties instead of bonus. But our agreement or disagreement in this respect is not material to this case if the provision providing for the payments was a covenant running with the land.

It occurs to us that an agreement to pay a lessor, as consideration for the ex-

ecution of a lease, sums of money to be derived from the sale of oil when the same shall be produced from the leased premises, touches or concerns the land very materially and would constitute a real covenant, or covenant running with the land, in the absence of a clear showing of a contrary intention existing between the covenanter and covenantee. Such a covenant is defined in 15 C. J. 1240, sec. 53, as follows:

"A covenant running with the land is one relating to the land, or as more commonly said one which 'touches and concerns the land' itself, so that its benefit or obligation passes with the ownership."

Ordinarily, covenants relating to personal property are not real covenants, not covenants running with the land (15 C. J. 1241, n. 56); and possibly it might be contended with seeming merit that the covenant in the instant case related to personal property. The payments were to be made as the oil was produced and sold; and oil after recovery is personal property. But the covenant dealt primarily with the oil in place. It had not yet been reduced to possession at the time of the covenant or at the time of the conveyance of the land. At all times it was essentially a part of the realty and so remained until after the defendant association parted with its title. White v. McVey, 168 Okla. 19, 31 P. 2d 850. There we held that "oil and gas in place are minerals, and so long as they remain unsevered from the soil they are a part of the realty."

Then it must follow, and without reasonable basis for contrary contention, that the instant covenant touches and concerns the land. It is a covenant running with the land so far as may be gathered from the oil and gas lease agreement; there is no contrary intention expressed therein, and no evidence thereof appears in the record. There is no evidence to indicate that the parties to the lease meant to create a mere personal obligation by the covenant. The land itself was fully charged with the payment. In Montgomery v. Hickok, 188 Ill. App. 348, a similar provision in an oil and gas lease was held to be a covenant running with the land. To the same effect was the decision of the Texas court in Holliday v. Erwin (Tex. Civ. App.) 85 S. W. 2d 355. See, also, Thurman v. Moore (Ark.) 13 S. W. 2d 22; Danciger Oil & Refining Co. v. Christian (Tex. Civ. App.) 109 S. W. 2d 980.

We therefore hold that a clause in an oil and gas lease providing that the lessor shall receive as an additional consideration the proceeds to be derived from the sale of a certain portion of the oil reserved to the lessee as the same is produced, constitutes a covenant running with the land, and the lessor's deed conveying the leased premises will pass the benefits not yet due or the burdens of such covenant to his grantee, in the absence of a reservation thereof.

In support of its argument that the provision in the lease was a mere personal obligation between the lessor and lessee, an agreed additional bonus, and not a covenant running with the land, the association relies principally upon Fisher v. Guffey (Pa.) 44 Atl. 452. There it was held that an oil and gas lessee who assigns his lease for a cash consideration and an additional sum to be paid if oil is found on the premises cannot recover of a second assignee such additional sum after oil is found, for the reason that said sum is merely an agreed bonus to be paid by the first assignee and not a covenant running with the land. That case is clearly not in point. The additional consideration was to be paid, not out of the proceeds of the oil when produced, but was to be paid if oil were found on the premises. The distinction is clear.

The judgment is affirmed.

RILEY, OSBORN, HURST, and DAVISON, JJ., concur.