GOETTER v. MANAHAN et al.

No. 30478.    May 11, 1943.

Rehearing Denied June 15, 1943.

*138 P. 2d 113.*

Wm. S. Rogers, of El Paso, Tex., and Turner M. King and Carloss Wadlington, both of Ada, for plaintiff in error.

Ben Hatcher, of Ada, for defendant in error Mary F. Manahan.

BAYLESS, J. Mary C. Goetter et al. executed an oil and gas lease on a certain 80 acres, and reserved the usual 1/8th royalty. The consideration to them was stated as $1 and $8,000 to be paid out of 1/8th of the 7/8th. Goetter owned, as admitted in her answer, more than 1/8th of the 80-acre tract. She conveyed to Chism "an undivided 1/8th (10 acre interest) interest in and to all of the oil etc. . . . that may be produced from" the leased premises. Chism by a like instrument conveyed this interest to Mary F. Manahan. Thereafter oil was found and Manahan claimed 1/8th of the $8,000, and Goetter claimed that the instrument of conveyance from her to Chism had not covered or included the right to receive any part of the $8,000.

Goetter offered evidence to explain what was intended to be conveyed to Chism, but the trial court ruled this evidence inadmissible. Some contention is made that this was error under the authority of Waite Phillips Oil Co. v. Sidwell, 120 Okla. 81, 250 P. 415, and other decisions. We think the instruments of conveyance were not ambiguous, and thus evidence was not necessary or admissible to explain.

Plaintiff relied on Local B. & L. Ass'n v. Eckroat, 186 Okla. 660, 100 P. 2d 261, and the trial court seems to have adopted the rule announced therein as the basis for its judgment.

Defendant admits that that case was the basis for the judgment against her, but insists there are two reasons why it does not apply here. She says the grantor in that case conveyed away all interest so that no estate was left whereto the bonus payments could be appended and retained, whereas in this case she did not convey away all of her interest but actually she retained some interest to which the future bonus payments could attach. She says further that the language of the conveyance to Chism expressly limits the interest conveyed, and by enumerating what was included the things not mentioned were excluded.

We do not see any merit to her first contention. Let us suppose she owned 12/64ths of the royalty at the time she conveyed Chism 8/64ths. That would leave her 4/64ths. Each 64th would be worth $125 of the $8,000. It seems to us Chism's 8/64ths or 1/8th would carry with it the $1,000 apportionable thereto. That is the purport of our decision in Local B. & L. Ass'n v. Eckroat, supra.

Goetter relies on the language of the granting portion of the instrument of conveyance to Chism above quoted and this language to limit the interest conveyed to Chism to 1/8th of the royalty only:

"It is understood, however, that this conveyance is made subject to any valid oil and gas lease now on said premises, *but covers and includes an undivided 1/8th interest in and to all of the oil royalty and gas rentals or royalty due, and to be due, under the terms of said lease, and delay rentals for deferred drilling, due and to be due, under the terms of said lease,* but in the event the said lease for any reason becomes cancelled, forfeited, or inoperative, then and in that event 1/8th of said minerals in and under said 80 acres of land, and that may be produced therefrom, and 1/8th of all money derived from the sale of the same shall be owned by the grantee herein. . . ."

She asserts that the underscored part of the quotation is an itemization of what is thus conveyed, and calls attention to the listing only of (1) royalty; (2) gas rentals; (3) royalty due; (4) royalty to be due; (5) delay rentals due; and (6) delay rentals to be due, and also calls attention to the recognized difference between "royalty" and "delay rentals" and "bonus" in controversy here. She contends that the deliberate omission of "bonus" from the items of property included in the conveyance is significant and controlling.

She then calls attention to the portion of the quotation following the underscored part wherein it is stated that in the event the lease presently in effect should be ended, Chism's interest would be enlarged to include whatever money thereafter was derived from or inured to his 1/8th royalty. She asserts this lends strength to the interpretation of the earlier language.

If this were a matter of interpretation of language to ascertain a meaning, the argument would be pertinent. We understand our holding in the Eckroat Case to mean that the clause in the lease providing that the lessor shall receive a bonus from the working interest of the production constitutes a covenant running with the land, and passes with the conveyance of the land, either all or in part. And this being so, the intention for this not to pass must be expressed in clear and unmistakable language and is not to be hunted out of language silent on the point by labored interpretation and comparison.

The decision in Waite Phillips v. Sidwell, supra, stands for this statement. In that case an unauthorized and unexplained alteration of the face of the conveyance, plus evidence that the purchaser fraudulently omitted to include the express understanding of the parties that the bonus was to be retained, and fraudulently represented that the language of the conveyance (either before or after it was altered) expressed such intent, and such facts were held, in effect, to be sufficient to justify a holding that the conveyance actually expressly excluded the bonus. Such evidence would not be admissible here, because Manahan is a third per-

son who was entitled to rely upon the record and the legal status thus shown.

The judgment is affirmed.

GIBSON, V. C. J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur. CORN, C. J., and WELCH and HURST, JJ., dissent.