THOMAS J. BAILEY, claimant, plaintiff in error, vs. E. F. WOOD & Co., plaintiffs in ft. fa., and defendants in error.

The sayings of one who is not a party to the case, or in privity with a party, are not admissible as evidence against either party.

Claim, from Baker Superior Court. Tried before Judge ALLEN, at November Term, 1857.

E. F. Wood & Co. recovered judgment and issued an execution against Absalom Johnson and Thomas S. Hampton, partners under the name of Johnson & Hampton, which was levied by the Sheriff, upon 350 bushels of corn, as the property of Thomas S. Hampton.

Thomas J. Bailey interposed a claim to the corn.

Upon the trial, the Sheriff was the only witness sworn, who was called by the plaintiffs in *fi. fa.* He testified that he made the levy; found the corn on the plantation where James D. Hampton lived, in two rail pens. Thomas S. Hampton also lived on the place; there was about 350 bushels of corn. When the levy was made, Thomas S. Hampton was not present; had never seen him at work on the plantation; when he went to make the levy, he told James D. Hampton the object of his visit, who pointed out the corn to him. Thomas S. lived in one end of the house and James D. Hampton in the other; the corn was worth about 75 cents per bushel.

Claimant objected to the witness stating what he and James D. Hampton said and did at the time of the levy, and in the absence of claimant and defendant. The Court overruled the objection and admitted the evidence, and claimant excepted.

The plaintiff having closed, the claimant moved to dismiss the levy, on the ground that plaintiffs had not proved that the corn was subject to their *fi. fa.*, nor that said Thom- S. Hampton had ever been in possession thereof, or had any property or title thereto.

Bailey vs. Wood & Co.

The Court refused the motion, and claimant excepted.

Claimant then requested the Court to charge the jury, that the burden of proof was on the plaintiffs in *fi. fa.*, and that claimant was not called upon to prove his title until plaintiffs had first proved that defendant in *fi. fa.* had been in posses-sion or had title, and if neither had been proved, plaintiffs were not entitled to a verdict. The Judge replied that he so charged, but if plaintiffs in *fi. fa.* had proven title in the defendant, Thomas S., this title must be overcome by superior title in the claimant. To which charge claimant excepted.

Just as the jury were retiring to their room, counsel for plaintiffs in *fi. fa.* asked the Court to charge them, that plaintiffs would be entitled to damages not less than 10 per cent, if they believed that the claim was interposed for delay only. Which charge the Court gave, and claimant excepted.

The jury found for the plaintiffs in *fi. fa.*, and claimant moved for a new trial on the grounds,

1st. Because the verdict was contrary to. law.

2d. Because the verdict was contrary to the evidence.

3d. Because the Court erred in allowing the Sheriff to prove that James D. Hampton pointed out the corn.

The Court overruled the motion for a new trial, and claimant excepted and assigned for error, all the rulings and charges excepted to on the trial.

J. E. BOWER, for plaintiff in error.

W. E. SMITH, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

James D. Hampton was a stranger to the case; he was not in privity with either party to it.

Neither party was present, when the conversation took place between him and the witness.

We know not of any rule of law, which would make such a conversation evidence against the claimant, and, therefore

we think that the Court erred in admitting the conversation as evidence.

This disposes of all the exceptions, for the point here decided, is the point, and the only point, involved in all of them.

Judgment reversed.