# SEPTEMBER TERM, 1882.          757

Williams *vs.* Jones, administrator, *et al* —Rountree *vs.* Lathrop & Company ; etc.

## WILLIAMS *vs.* JONES, administrator, *et al.*

1. Under a bill by an administrator against creditors of the estate to marshal assets and settle priorities, on exception to a master's report, the ruling of the court being adverse to some of the creditors, the others were necessary parties to a bill of exceptions by them ; and on failure to bring them before this court the writ of error will be dismissed. 62 *Ga.*, 135.
2. The presiding judge, with the assent of the plaintiff in error only, ought not to dispense with any part of the record, or by order require the clerk to send up to this court a transcript of only certain portions of the record below.   Code, §4252.
(*a.*) No diminution of the record was suggested, and the other grounds for a dismissal being controlling in their nature, this court will not order the record to be completed.
3. Where the record shows that the case has not finally been disposed of, but is pending in the court below on a motion for new trial, the writ of error will be dismissed.

October 10, 1882.

JACKSON, Chief Justice.

---

## ROUNTREE *vs.* LATHROP & COMPANY.

The verdict in this case was supported by the evidence.
(*a.*) Fraud is subtle in its nature, and even slight circumstances may be sufficient to carry conviction to the mind of its existence.
(*b.*) As against creditors, transactions involving transfers of property between husband and wife should be closely scanned, and the utmost good faith should be made to appear.

October 24, 1882.

SPEER, Justice.

---

## CHILDERS *vs.* HOLLOWAY.

1. There is a complete remedy at law to remove obstructions from private ways.   Acts 1872, p. 60 ; Code, §§737, 738, 739.
2. In the absence of any allegation of insolvency, a resort to equity is not necessary to recover damages for obstructing a private way.

October 3, 1882.

JACKSON, Chief Justice.