**WAITE PHILLIPS CO. et al. v. SIDWELL, Adm'r, et al.**

No. 15870—Opinion Filed March 2, 1926.

Rehearing Denied Nov. 16, 1926.

1. **Fraud — Written Instrument—Circumstances Surrounding Execution May be Shown.**

Where a written instrument is attacked for fraud, all the circumstances and transactions leading up to and surrounding the execution of the same, as well as the motives and intentions that prompted the maker to execute it, may be shown.

2. **Same — Circumstances May Constitute Proof.**

A wide latitude is allowed in cases of fraud, and circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof.

3. **Contract—Material Words Stricken— Burden of Proof.**

Where a contract shows on its face that certain material words were stricken out, making the contract apparently something different from what the agreement was, and the evidence does not show that the change was made before the signing of the contract, the burden is upon the person seeking to enforce the contract to show that the change was made prior to the signing, and also fully explained to and understood by the party signing it.

4. **Appeal and Error—Court Trial—Findings.**

Where in a law case the parties waive a jury and submit the case to the court, and the court's findings of facts are reasonably supported by the evidence, they will not be disturbed by this court. Held, that the findings of fact and conclusions of law made by the trial court in this case are reasonably supported by the evidence, and the same will not be disturbed.

(Syllabus by Maxey, C)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by J. E. Sidwell and F. E. Strimple against C. A. Lynch, the Phillips Hawkeye Drilling Company, Waite Phillips, and Sinclair Crude Oil Purchasing Company, to recover the sum of $6,400 bonus and interest in the accrued oil produced on a certain lease. Judgment for plaintiffs, and defendants Waite Phillips Company and Waite Phillips and D. B. Mason appeal. Affirmed.

Hulette F. Aby, William F. Tucker, and William H. Martin, for plaintiffs in error.

Shirk, Danner & Mills, for defendants in error.

Opinion by MAXEY, C. This is an action commenced in the district court of Oklahoma county on the 31st day of January, 1923, by J. E. Sidwell and F. E. Strimple, plaintiffs, against C. A. Lynch and the Phillips Hawkeye Drilling Company, Waite Phillips, and the Sinclair Crude Oil Purchasing Company, defendants, in which they seek to recover of the defendants Waite Phillips Company and Waite Phillips, the sum of $6,400 and interest, which amount the plaintiffs claim would be due and owing as bonus money provided for in a certain oil and gas lease owned by the defendants Waite Phillips and Waite Phillips Company, a corporation, on the northeast quarter of section 13, township 15 north, range 9 east, containing 160 acres in Creek county, Okla., and also for an accounting by the defendants of the oil and gas removed from the premises, and for the payment of 1-16th interest thereon, and interest on said payments from the due date thereof, according to their proportionate share of the rents and royalties accrued therefrom.

The Hawkeye Drilling Company was consolidated with, and its assets taken over by, the Waite Phillips Company, and suit continued against said company.

Waite Phillips and Waite Phillips Company, by answer filed, stated that they have produced oil in sufficient quantities to pay the whole sum of $6,400; that said sum is due and payable to the persons entitled thereto, and offer to pay the same to the person or persons to whom the court may adjudge said amount to be due. They allege that D. B. Mason and N. M. Hancock are claiming said sum, and pray the court to interplead Mason and Hancock, to determine the rights of the respective parties. Mason and Hancock, having been made parties to the suit, filed their respective answers and cross-petitions; the defendant C. A. Lynch filing a disclaimer. The defendant N. M. Hancock answered and set up that by reason of certain conveyances, she is the owner of an undivided one-fourth interest in and to oil and gas under the premises in issue, and prayed the court to enter an order decreeing such ownership, and that she be entitled to one-fourth of all oil and gas royalties derived from said property, and her costs. D. B. Mason filed his answer and cross-petition, alleging that he is the owner of an undivided three-fourths interest in the

oil and gas under the property described; that he is entitled to three-fourths interest in the oil and gas and other bonuses derived from the production of oil, alleging sale by him to N. M. Hancock of an undivided one-fourth interest in the oil and gas; and prayed the court to enter an order decreeing that he is the owner of an undivided three-fourths interest in and to all oil and gas in and under said premises, and to three-fourths of the bonus money provided for in said lease. Defendant Hancock claims that she is the owner of an undivided one-fourth interest in the oil and gas in and under the southeast quarter of the northeast quarter of section 13, township 15, range 9 east, in Creek county, Okla., 40 acres—subject to the oil and gas mining lease to the Waite Phillips Company and Waite Phillips; and prays that the court enter an order decreeing said interest, and for one-fourth of the oil bonus mentioned in the lease, and for her costs.

To these answers, plaintiff Sidwell replied, denying all the allegations therein inconsistent with the allegations of his petition, and specifically denying that he misled Mason, or his agent, Lynch, and alleging that Lynch at all times had knowledge that he, Sidwell, was the owner of a one-half interest in the royalty and the bonus therein, and that he informed Lynch of said interest and that Lynch well knew thereof. Mrs. Strimple replied denying generally the allegations in said answer contained, inconsistent with the allegations of her petition, and alleged that she was the owner of one-half of said royalty, denying that she conveyed any part or portion of the $6,400 bonus, and alleged that it was the understanding and agreement that the royalty deed, by her made, conveyed only an undivided 1-16th of the royalty of all oil and gas, and was not and did not convey any other interest therein or any interest in the $6,400 bonus. She specifically alleges that she was induced to and did sign said instrument on the misrepresentations of Lynch, agent for Mason, who specifically informed her that the instrument conveyed only one-half of the royalty, or a 1-16th, and specifically informed her that it did not convey, or purport to convey, any interest in the $6,400 bonus; that relying upon said misrepresentations and fraud, she signed said instrument, and without which she would not have so signed.

Trial was had on the 9th day of November, 1923, before the Hon. Geo. W. Clark, judge, a jury being waived. The trial resulted in judgment being rendered in favor of the plaintiff for the amount prayed for in the sum of $6,400, and it was adjudged that the plaintiffs were the owners of a one-fourth royalty in the northeast quarter of section 13, township 15, north, range 9 east, and decreed to be the owners of a 1-16th of all oil and gas produced and saved from the leased premises.

Thereafter the plaintiff J. E. Sidwell died on January 27, 1924, and the cause of action was revived on April 9, 1924, in the name of Carroll V. Sidwell, administrator of the estate of J. E. Sidwell, deceased. Motion for new trial was filed and overruled, and the defendants brought the case to this court.

On the 29th day of March, 1921, Mrs. F. E. Strimple made a warranty deed to J. E. Sidwell, conveying an undivided one-half interest in the fee of the northeast quarter of section 13, township 15 north, range 9 east, the property in controversy, located in Creek county, Okla., reserving unto herself an equal one-eighth interest in the oil and gas rights in and under the land conveyed. This instrument was filed in the records of Creek county June 10, 1921. Later, by an agreement between Mrs. Strimple and Mr. Sidwell in June or July, 1921, she orally relinquished to Sidwell one-half of that reservation.

Sometime afterwards, C. A. Lynch came from Tulsa and began negotiations for an oil and gas lease on said premises. These negotiations were carried on on numerous occasions with both Sidwell and Strimple, individually and together. On practically all of which occasions he was informed that Sidwell and Strimple were equally interested 50-50 on the entire transaction. Lynch succeeded in getting an oil and gas lease dated November 22, 1921, from Sidwell and Strimple on said property, which was delivered on November 30, 1921, and recorded in Creek county December 1, 1921. This instrument recited that the lessors reserved a one-eighth of the oil produced and one-eighth of the proceeds from the sale of the gas produced. The recited consideration in said instrument was $1, but the lessors received $5,500 in cash, and the lease provided that "if oil is found in paying quantities, the lessors are to receive an additional bonus of $6,400, payable in oil out of one-half of the first oil produced and saved." Lynch immediately assigned this oil and gas lease to Waite Phillips and Phillips Hawkeye Drilling Company, subject to the one-eighth-royalty. The above cash consideration of $5,500 was divided equally between Sidwell and Mrs. Strimple, subject to accounts owed by Mrs. Strimple to Mr. Sidwell. Later, D. B. Mason, learning that Waite Phillips' attorneys had examined and accepted the abstract of title

to the property in question, sent Lynch as his agent to purchase the royalty interest of the grantors, Sidwell and Strimple, in the property. Lynch was familiar with the interest of the parties, having just closed the deal above referred to. Upon being informed by Sidwell that he would not sell his part of the royalty interest, he began negotiations with Strimple for her 1-16th or one-half of said royalty. On several occasions he was again informed, as he had been before, of the respective interests of said parties. He succeeded in purchasing the royalty of Mrs. Strimple, as shown by an instrument executed on December 13, 1921, the consideration of said instrument being $6,000 cash, though Lynch claims he paid $8,000. This instrument recites that it conveyed "all interest in the oil and gas and other minerals and all interest and all my right, title and estate by virtue of any oil and gas mining lease now or hereafter existing on said premises." This instrument conveyed to Mrs. Strimple a 1-16th interest in the oil and gas, and was recorded December 22, 1921. .

Mrs. Strimple, at the time of the making of the above instrument, and at several times prior thereto, had told Lynch of Sidwell's interest, and that she only conveyed her royalty interest, and at the time of the signing of said instrument, told him that she did not convey her interest in the $6,400 bonus reserved in the original oil and gas lease, and that she was not conveying it. Lynch advised her that the instrument only purported to convey her interest in one-eighth of the royalty reserved, to wit, 1-16th, and that it conveyed no part, nor purported to convey any part, of said bonus of $6,400 The lease was produced and prepared by Lynch and under his direction, and Mrs. Strimple had not and did not read it, not having her glasses, which were necessary for her to have, but upon his again representing that the instrument purported to convey only her 1-16th interest in the oil and gas reserved, she relied upon his statements and executed it This lease was assigned to D. B. Mason on the 14th day of December, 1921. On the 25th day of March, 1922, D. B. Mason conveyed a portion of his interest under the lease to N. M. Hancock, after the affidavits of Sidwell and Strimple setting forth the claim of each had been put on record in Creek county.

Defendants have not paid any of the bonus reserved in the lease to either of the plaintiffs, the lessors, in said lease, and no portion of the proceeds in the one-eighth interest reserved by them. Defendants Waite Phillips and Waite Phillips Company admit that they have produced oil and gas on the land, the value of one-half of which is equal to $6,400, the amount of the bonus, and that they will pay this into court, and ask that the court adjudge to whom it shall be by them paid.

It appears from the record that Lynch produced the printed form of the lease that was used in making the sale, and refused to use the ones he had. Mrs. Strimple could not. read the lease, as she did not have her glasses, and she asked him if the conveyance had anything to do with the $6,400, and he told her no several times, and he further told her that it did not affect Mr. Sidwell's interest. After this lease was executed and the money paid over, Mrs. Strimple went from the bank where the lease was executed to Mr. Sidwell's office, and gave him $3,000 for half his royalty interest. In the lease executed by Mrs. Strimple to Lynch, the words "an undivided" had been stricken out, and the lease then read "all interest in all of the oil and gas, coal, and other minerals, etc." It seems that Lynch had some trouble getting Mrs. Strimple to execute a lease for her interest, and he offered to pay Sidwell $1,500 on the side, if he would get Mrs. Strimple to execute the lease. After the lease was executed by Mrs. Strimple, Lynch paid Sidwell the $1,500, and he paid her one-half of the $1,500, as he had told Lynch that whatever the side money might be, Mrs. Strimple and he stood 50-50 all the way through. After the close of the testimony, the matter was argued before the court, and the court made its findings of fact and conclusions of law, which are as follows, omitting the caption:

"* * * Thereupon, after argument of counsel. the matter was taken under advisement **and the parties given time to prepare and file** written briefs. Thereafter, briefs were filed by the plaintiffs and defendants, respectively.

"Upon consideration of the pleadings filed herein, evidence introduced, and the briefs of the respective counsel, and after due consideration thereof, the court finds that at the time of and prior to the transactions herein set out, the plaintiffs were the owners and holder of the northeast quarter of section 13, township 15 north, range 9 east of the Indian Meridian, subject to some possible defect in the title, the nature of which was not disclosed upon the trial.

"The court further finds that a few weeks prior to November 22, 1921, the defendant C. A. Lynch, who was then and for sometime prior thereto had been, engaged in the business of buying and selling oil and gas leases, began negotiations with the plaintiffs for

the purchase of an oil and gas lease on said premises, and talked with each of them many times, and was informed by them that they were jointly interested therein. Mr. Lynch finally offered Mrs. F. E. Strimple $4,000 for such a lease, which she declined to accept, and referred him to Mr. Sidwell, stating that if such a deal should be satisfactory to the latter, and he would sign a contract on a $4,000 basis, she also would sign it. Thereupon Mr. Lynch took the matter up again with Mr. Sidwell and offered to pay them some money 'on the side' if he would induce Mrs. Strimple to sign such a contract and lease, and repeated such offer on several different occasions, and in amounts ranging from $400 to $1,500, and in each instance Mr. Sidwell informed Mr. Lynch that the plaintiffs were equally interested in and equal owners of the property, and as he expressed it, 'fifty-fifty' all the way.

"The court further finds that on November 22, 1921, the plaintiffs and the defendant C. A. Lynch met Judge Burford at the latter's office, where an agreement was entered into that a written contract should be executed between them for the leasing of said premises by the plaintiffs to the defendant C. A. Lynch, for oil and gas, and that the contract therefor and the lease thereunder should be left in escrow with J. E. Sidwell, and should not be binding upon either party thereto unless Judge Burford should, within 48 hours, approve the title to said premises as the same appeared by the abstract then delivered to Judge Burford. Such lease and contract were thereupon executed, sealed, and left in the custody of J. E. Sidwell, and the abstract of title was given Judge Burford for examination and report.

"The court further finds that, among other things set out in said lease, it was provided that the lessee thereunder should deliver to the credit of the lessors, free of cost in the pipe line to which he might connect his well, 'one-eighth part of all oil produced and saved from the leased premises,' also, that 'if oil is found in paying quantities the lessors are to receive an additional bonus of $6,400, payable in oil out of the first oil produced and saved.' A further consideration expressed in the lease (in addition to the bonus of $6,400) was $1, but the actual consideration to be paid, as agreed upon, but not written in the lease, was $5,500.

"The court finds that at the end of 48 hours from the date of the execution of the contract and lease, Judge Burford returned the abstract to the plaintiffs, disapproving the title of plaintiffs, as shown therein, and by reason thereof the proposed purchase of a lease fell through.

"The court finds that conferences were thereafter held between the parties referred to in the preceding findings, which culminated on November 30, 1921, in the acceptance of the title as disclosed by the abstract,

which had been turned down by Judge Burford, and the delivery to C. A. Lynch of the lease, which had been placed in escrow on November 22, 1291, Mr. Lynch paying $5,-500 therefor.

"The court further finds that on the following morning, December 1, 1921, C. A. Lynch began negotiations with each of the plaintiffs for the purchase of their royalty interest under the lease, said interests being an undivided 1-16th in each of the plaintiffs, and these negotiations culminated on December 13, 1921, in a sale by Mrs. Strimple to C. A. Lynch of her interest in the oil and gas royalty, and the execution by her of a written transfer thereof to C. A. Lynch upon a blank form of conveyance which was produced by him.

"The court further finds that thereafter, and on the same day, that she sold her interest to C. A. Lynch, Mrs. Strimple purchased from J. E. Sidwell an undivided one-half interest in his share of the royalty, and at the date of the trial hereof the plaintiffs each owned an undivided 1-32nd of the entire oil produced and saved from the leased premises.

"The court further finds that oil has been found and produced in paying quantities from wells drilled upon said real estate since the execution of the lease, and is still being produced, and this action is brought by the plaintiffs to recover their proportionate share of all oil so produced under the lease, as well as to recover the bonus of $6,400, the payment of which was conditioned upon the production of oil.

"The court further finds that the oil produced and saved from the leased premises amounts to more than twice $6,400, which makes said $6,400 bonus, as provided by said lease, due and owing.

"The court further finds that the plaintiffs are the owners of a one-half royalty in said property, to wit: the northeast quarter of section 13, township 15 north, range 9 east of the Indian Meridian, and that they are entitled to an undivided 1-16 of the oil and gas produced and saved from said leased premises, and that there is at this time due them the proceeds of the said 1-16th under their royalty interest.

"The court further finds that D. B. Mason transferred an undivided one-fourth of the royalty interest in and to the southeast quarter of the northeast quarter of section 13, township 15 north, range 9 east of the Indian Meridian, by instrument dated March 25, 1922, to N. M. Hancock, and therefore that N. M. Hancock is entitled to a one-fourth royalty, to wit: 1-32nd of the oil and gas produced and saved from the southeast quarter of the northeast quarter of said section 13, and that D. B. Mason is entitled to only a one-fourth of said royalty.

"It is therefore on the 10th day of April,

1924, ordered, adjudged, and decreed, that the plaintiffs do have and are hereby given judgment against the defendant Waite Phillips Company in the sum of $6,400, with interest from the 20th day of January, 1923, until the 20th day of June, 1923.

"It is further ordered, adjudged, and decreed that the plaintiffs, being the owners of a one-fourth royalty in the northeast quarter of section 13, township 15 north, range 9 east of the Indian Meridian, are entitled to and are hereby decreed to be the owners of 1-16th of the oil and gas produced and saved from the leased premises, with interest thereon at the rate of 6 per cent. per annum from the due date of said payment, to which defendants severally except."

It will be observed from the foregoing findings of fact, that the trial court found in favor of the plaintiffs for the amount of royalty they sued for—a 1-32nd each, after it was found in favor of the plaintiff for the $6,400 bonus. This bonus was claimed by D. B. Mason under his assignment of royalty secured for him by C. A. Lynch, but to our mind, the evidence shows beyond question that the bonus was not included in the assignment obtained by Lynch. Both the plaintiff and the defendant testified that it was not included, and the assignment shows that the words "an undivided" were stricken out, and the word "all" substituted. There is some evidence to the effect that that was not done at the time the assignment was signed by Mrs. Strimple and Sidwell. Just how the change was made does not appear from the record, but it is patent on the face of the assignment that there was a change made in the lease. We think the court was thoroughly justified in holding that the $6,400 bonus was not included in the lease secured by Lynch for Mason. The court gave Mason judgment for his three-fourths of the royalty, and also gave Hancock judgment for his proportionate share of the royalty. Mason has appealed, but Hancock is not a party to this record, so we presume he is satisfied with the findings of the trial court. In the negotiations between Lynch and Mrs. Strimple and Sidwell, the interests of the parties were discussed, and it was thoroughly understood between Lynch and Strimple and Sidwell, that Mrs. Strimple, after she sold her one-half interest in the royalty, bought one-half of Sidwell's interest in the royalty and in the bonus, and, as expressed by the parties, they were 50-50 all the way through. There was $1,500 bonus paid to Sidwell to help get Mrs. Strimple to sign the lease for her interest, and Sidwell told Lynch, at the time, he offered to pay $1,500 additional as side money, if he would get Mrs. Strimple to sign the lease, and Sidwell stated to Lynch at that time, that whatever he got would be divided with Mrs. Strimple as they stood 50-50 all the way through.

We have carefully examined the record and the testimony, and are satisfied that the trial court reached the proper conclusion, and that its judgment should be and is in all things affirmed.

By the Court: It is so ordered.

Note. See under (1) 13 C. J. 769 §963. (2) 13 C. J. p. 778 § 979; 27 C. J. pp. 50 §181; 65 §200. (3) 2 C. J. p. 1274 §189. (4) 4 C. J. p. 879 §2853.