## NOBLES *v.* WEBB.

No. 14759. FEBRUARY 8, 1944.

244

*W. A. Dampier, Lesler F. Watson,* and *W. W. Larsen Jr.,* for plaintiff in error.

*R. I. Stephens,* contra.

JENKINS, Presiding Justice. 1. Under the charge of the court, and as was stated by the defendant's counsel in the progress of the trial, the controlling issue was "whether or not the consideration was paid." On this question the evidence, while in sharp conflict, authorized a finding in the plaintiff's favor.

2. The defendant objected to the plaintiff's evidence and the testimony of Fuqua, a witness for the plaintiff, tending to corroborate the same, as to what took place between the plaintiff and Adams, who the plaintiff claimed coerced him into signing the blank deed form in Atlanta at a time when the defendant was not present. The substance of the objection, as stated by the defendant's counsel, was that "the case boils down to one paragraph in the petition, whether or not the consideration was paid. Issues not authorized by the pleadings should be excluded;" that "the testimony was inflammatory and tended to prejudice defendant's case in the minds of the jury." Thereupon, in overruling the objection, the court stated: "You have to construe this petition as a whole. He sets up fraud as a ground of cancellation or sets up

certain fraudulent conduct between Mr. Adams and others preliminary to the execution of this deed and he comes on down with other fradulent conduct. The only fraud he charges Mr. Nobles with is that he did not pay the consideration, and of course Mr. Nobles, to be bound by anything between Mr. Webb and Mr. Adams, or others, would have to have notice of it; and I rule now in the presence of the jury, and will charge them later fully on the issue, that if Mr. Nobles paid this money he is not bound by any previous conduct of other parties," adding the further statement that the pleadings, which set forth these facts, were not demurred to, and that the court was required to try the issues under the pleadings.

While mere declarations or conduct of third persons not parties to the record or privies in estate are not generally admissible in evidence (*Chastain* v. *Robinson,* 30 *Ga.* 55 (2) ; *Bailey* v. *Wood,* 24 *Ga.* 164)`, where conspiracy is prima facie shown the rule is different (*Wall* v. *State,* 153 *Ga.* 309 (2), 317, 112 S. E. 142), and conspiracy may be shown by circumstantial as well as by direct evidence (*Mills* v. *State,* 193 *Ga.* 139 (2), 17 S. E. 2d, 719; *Gossitt* v. *State,* 182 *Ga.* 535 (2 *a, b*), 537, 186 S. E. 417; *Coleman* v. *State,* 141 *Ga.* 731 (2 *a*), 82 S. E. 228; *McLeroy* v. *State,* 125 *Ga.* 240 (2), 54 S. E. 125; *Carter* v. *Stale,* 141 *Ga.* 308 (1), 80 S. E. 995; *Turner* v. *State,* 138 *Ga.* 808, 812, 76 S. E. 349; *Weaver* v. *State,* 135 *Ga.* 317 (1), 69 S. E. 488). "If sufficient facts to show the conspiracy are alleged, it is immaterial that the word 'conspiracy' or 'co-conspirator' is not used." 15 C. J. S. 1039, § 25. "It has even been held that when it becomes necessary to prove a conspiracy in order to connect the defendant with the wrong complained of, no averment of the conspiracy need be made *in the pleadings* to entitle it to be proved." *Woodruff* v. *Hughes,* 2 *Ga. App.* 361, 365 (58 S. E. 551). The rule as to this would be different where suit is filed against joint conspirators, in which case conspiracy would have to be alleged, but here the action is against only one defendant. A wide latitude is allowed in cases of fraud, and circumstances and transactions leading up to and surrounding the execution of the instrument attacked, even though inconclusive if separately considered, may by their number and joint operation, be sufficient to constitute proof of fraud in its execution. *Rountree* v. *Lathrop,* 69 *Ga.* 757 ; *Manning* v. *Manning,* 61 *Ga.*

137 (2); *Holbert* v. *Allred*, 24 *Ga. App.* 728 (2) (102 S. E. 192); *Carter* v. *Moody,* 160 *Ga.* 849 (3) (129 S. E. 163); *Wells* v. *Blitch,* 182 *Ga.* 826 (187 S. E. 86); Waite Phillips Co. *v.* Sidwell, 120 Okla. 81 (250 Pac. 415). The plaintiff's testimony as to the conversation between one plaintiff and Adams in the presence of the defendant on a subsequent trip to Augusta authorized the inference that the defendant had some knowledge of the transactions between the plaintiff and Adams, and if the defendant subsequently took the fruits of a fraud perpetrated by Adams upon the plaintiff without paying for the property, the jury may have inferred a situation amounting to a conspiracy between them, with the result that the testimony as to Adams's conversation and conduct in furtherance of such conspiracy would be admissible, even though without the presence of the defendant. Accordingly, while the defendant testified that the deed was executed in Dublin in the presence of the signing witnesses, and that the consideration was then and there paid by the defendant to the plaintiff in currency, and while this evidence was corroborated by other witnesses, still this was disputed by the plaintiff, and his contention was to some extent corroborated. Therefore the jury was authorized to find that connivance existed between the defendant and Adams to procure the deeds of plaintiff without payment of the consideration. Under this view, the evidence of the plaintiff seeking to explain how and why he came to sign his name to the instruments, thereby expressly contradicting the evidence of the defendant and other testimony offered in his behalf, became relevant. Morever, it further appears that the facts which were relied on to show fraud on the part of Adams, and to the admission of which in evidence objection was made, were alleged in the plaintiff's petition without demurrer. In the absence of a demurrer, "as a general rule, either party in every cause should be allowed full opportunity to introduce all evidence competent and relevant to support the case *alleged* by him." *Spivey* v. *Barwick,* 157 *Ga.* 853 (2) (122 S. E. 594). Under the principles indicated, and since the rulings of the court below will be affirmed if correct upon any proper theory (*Glenn & Son* v. *Shearer,* 44 *Ga.* 16 (2)), the judge did not err in refusing to exclude this testimony.

3. The court admitted over objection the evidence of an official of each of the local banks. One of such officials testified that

at the time of the alleged payment of the consideration, the defendant had no account in his bank, and the other official testified that the defendant carried a deposit of less than $10. This was offered together with other evidence that no property was returned by defendant for taxation, to prove insolvency and to discredit the reasonableness of the testimony as to payment. In no event could the admission of this testimony constitute a ground for reversal, since the defendant himself testified without protest to the same facts, stating: "At the time I bought these two places, I didn't own any real estate and I didn't have any money in the bank. I didn't return any property for taxes through 1939 and 1941 . . I reckon there was no use to sue me when they knew I was hopelessly insolvent." *Hope* v. *First National Bank,* 142 *Ga.* 310 (2) (82 S. E. 929); *Hinkle* v. *Smith,* 127 *Ga.* 437 (4) (56 S. E. 464). *Judgment affirmed. All the Justices concur.*