### 19835. COLLINS *et al. v.* McPHAIL *et al.*

WYATT, Presiding Justice. Edwin A. McPhail, Louise Boland, and Jesse DuBose filed in the Superior Court of Pierce County a petition for the writ of mandamus, naming the members of the State Board of Education as defendants, seeking to compel the board to issue to petitioners a certificate to obtain a charter for a law school authorized to confer degrees, to be operated in Columbus, Georgia. Upon the hearing, the trial court entered a mandamus absolute. The exception here is to that judgment. *Held:*

Many questions are raised by the briefs filed in this case that we do not deem necessary to pass upon under the record in this case. Code (Ann.) § 32-415 provides: "The State Board of Education shall prescribe, by regulation, standard requirements for universities, colleges, normal or professional schools, conferring degrees or issuing diplomas in this State, and no charter granting the right to confer such degrees or diplomas shall be granted or issued until the applicants therefor have obtained from the State Board of Education a certificate showing that such requirements of the Board have been met." The petition in the instant case alleges that the State Board of Education in March, 1940, adopted the following rules and regulations with reference to law schools: "1. That such school shall require for admission of candidates for degrees the completion of at least a high school course or the equivalent thereof. 2. That such school shall require of candidates for degrees a two-year course. 3. That such school shall keep accurate and permanent records on admission, course of study,

and other vital information concerning students. 4. That such school shall have one full-time person who shall give substantially all of his time to the law school. 5. That such school shall be governed by a self-perpetuating board of trustees." The contention of the defendants in error is that, upon the hearing before the State Board of Education, a showing was made that these rules had been complied with, and that the board refused a certificate upon the ground that a proper showing as to the finances available had not been made, and that this was not included in the rules and regulations theretofore adopted. Whether or not the financial condition of the proposed law school was a proper matter for inquiry under the above rules and regulations, in our view of the case it is not important. It is here contended that the only reason given by the board for refusing the certificate was the failure to show the financial condition of the proposed law school. We do not agree with this contention, but again this makes no difference for the reason that this court, in the review of any order, decree, or judgment, will look to the basic question, which is whether or not the judgment, order, or decree is valid as a matter of law, and the reasons or argument contained in such judgment, order, or decree will not be controlling. "It is a principle ancient and well settled that a correct decision of a trial judge will not be reversed by this court, even though he gives a wrong reason for his judgment." *Thomas* v. *Mayor &c. of Savannah,* 209 *Ga.* 866 (1) (76 S. E. 2d 796). The record in this case is silent as to the requirement of rule or regulation number one above quoted. Neither in the application nor in the minutes of the hearing is there any showing that the requirements will be complied with as set out in rule or regulation number three, above quoted. There is nothing in the application or in the minutes of the hearing as to the kind of records to be kept, or indeed that any records at all will be kept. The record in this case is silent as to the requirements of rule or regulation number five, above quoted, requiring proposed law schools to be governed by a self-perpetuating board of trustees. Under the well-settled rule of law to the effect that mandamus will not be granted unless a clear legal right has been shown, the State Board of Education was authorized to deny the certificate, and the judgment granting the mandamus absolute was error.

*Judgment reversed. All the Justices concur.*

628

*Eugene Cook, Attorney-General, Robert H. Hall, Assistant
Attorney-General,* for plaintiffs in error.

*J. Mack Barnes, H. H. Perry, Jr., John B. Harris, Howell
Hollis, Alex A. Lawrence, Robert B. Troutman, Forrest L. Cham-
pion and 82 Others "Chatham Circuit Bar,"* for party at interest
not party to record.

*A. L. Haden, Jr., Jesse I. DuBose,* contra.