43549. BARNES v. THE STATE.
(349 SE2d 387)

SMITH, Justice.

A Dougherty County jury found Boyzie Barnes guilty of the armed robbery and the murder of Clyde Robinson. He received a sentence of life imprisonment for the murder conviction and a sentence of twenty years' imprisonment for the armed robbery conviction. He

raises two issues on appeal. We affirm.[1]

Barnes and Robinson locked horns in the parking lot of an Albany nightclub before four in the morning on August 16, 1985. Their fight grew out of an argument over a debt. When onlookers separated the two, Barnes shot Robinson five times. He then, according to all witnesses save Barnes himself, took some money out of Robinson's pocket and fled the scene.

1. We find the evidence introduced at trial sufficient to support the jury's findings under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Barnes contends that the trial court erred in admitting into evidence testimony of two witnesses, Debra Jackson and Bolzie Baxter, adduced at a committal hearing.

(a) Barnes first asserts that the state did not adequately establish the inaccessibility of either witness. The detective in charge of locating the two witnesses testified at trial that he searched the apartment where they had previously lived, checked with utility companies, questioned the welfare department for the area, asked confidential informants, and checked the files of various law enforcement agencies in an attempt to locate the two witnesses. We find that the trial court did not abuse its discretion in finding the two witnesses inaccessible. *Gaither v. State*, 227 Ga. 668 (182 SE2d 434) (1971).

(b) Barnes next contends that since he questioned Baxter on direct at the committal hearing and the state cross-examined Baxter at that hearing, Baxter's testimony at the hearing should not have been admitted at trial.

Barnes called Baxter to testify on direct at the hearing after the state had rested. The state briefly cross-examined Baxter after Barnes' attorney concluded his questioning. At trial, the state introduced Baxter's testimony at the hearing during its presentation of its case, so that Barnes never cross-examined Baxter.

OCGA § 24-3-10 requires a party wishing to introduce testimony of an unavailable witness given at a previous trial to show that the prior testimony involved substantially the same parties and the same issues as those involved in the present trial. As Barnes notes, this requirement often serves to ensure that the party against whom the testimony is offered "had an opportunity adequately to cross-examine the witness at the previous proceeding." *Prater v. State*, 148 Ga. App. 831, 836 (253 SE2d 223) (1979). However, where the issues and parties are *identical*, and the party against whom the testimony is of-

---

[1] The crime was committed on August 16, 1985. The Dougherty County jury returned its verdict of guilty on March 21, 1986. Notice of appeal was filed on April 17, 1986 and the transcript of evidence was filed on May 21, 1986. The record was docketed in this Court on May 27, 1986 and the case was submitted on July 11, 1986.

fered called the witness to the stand at the previous hearing or trial, the need for cross-examination is basically satisfied,[2] and the requirement is met. We find that the previous testimony of Baxter fit the requirements of OCGA § 24-3-10.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 1986.

*Clayton Jones, Jr.,* for appellant.

*Hobart M. Hind, District Attorney, L. Earl Jones, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.

---

[2] A party with the confidence to call a witness for direct examination could hardly complain, later, about a denial of an opportunity for cross-examination. The *Prater* rule is primarily designed for cases in which the unavailability of a third party might foreclose a defendant or prosecutor's opportunity to cross-examine a witness.