## S96A0501. FARMER v. THE STATE.

(472 SE2d 70)

BENHAM, Chief Justice.

Appellant James Farmer was given a probated sentence when he pleaded guilty to several driving offenses in September 1994. On November 1, 1994, the trial court revoked appellant's probation after finding that a preponderance of the evidence established that appellant had committed aggravated battery on his common-law wife. The Court of Appeals denied appellant's application for discretionary review of his probation revocation, and we granted his petition for a writ of certiorari, asking whether appellant's probation revocation was based upon admissible evidence.

When the State called appellant's wife to testify at the probation revocation hearing, she asserted her marital privilege and declined to testify against her spouse. OCGA § 24-9-23 (a). The State then called as a witness the clerk of the magistrate court. The clerk testified that Mrs. Farmer had come to the clerk's office to pay overdue fines on an unrelated matter and had explained that her tardiness was due to her hospitalization for two broken arms that her husband had caused. Appellant's wife executed an affidavit for appellant's arrest in response to the clerk's query whether Mrs. Farmer wished to do something about it. The clerk then testified to the contents of the wife's statements to the clerk when the wife executed the affidavit, and the affidavit was admitted into evidence. The clerk's testimony and the affidavit established that the wife had suffered two broken arms when appellant had forcefully ejected her from their home. There was no other evidence that the wife had suffered an injury or that any injury suffered was at the hands of her husband. The trial court ruled the clerk's testimony admissible under OCGA § 24-3-10 and *Brown v. State*, 261 Ga. 66 (401 SE2d 492) (1991), as the prior testimony given under oath of a witness now inaccessible. The trial court also determined that the clerk's testimony was admissible as substantive evidence of the aggravated battery because it recounted a prior statement inconsistent with the victim's current desire to have the charge against her husband dismissed. See *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982). No basis for the admission of the wife's affidavit was given.

1. The clerk's testimony was hearsay since its value rested mainly on the veracity and competency of one other than the witness relating it. OCGA § 24-3-1. The trial court based the admission of the clerk's hearsay testimony on erroneous theories of law. OCGA § 24-3-10, cited by the trial court to support the admission of the clerk's testimony, authorizes the admission of "[t]he testimony of a witness since . . . inaccessible for any cause which was given under oath on a former trial upon substantially the same issue and between substantially

the same parties. . . ."[1] The authority given by the statute to use a witness' prior testimony in a proceeding involving substantially the same parties and the same issues as those involved in the present trial ensures that the party against whom the testimony is offered had an adequate opportunity to cross-examine the now unavailable witness during the previous proceeding. *Barnes v. State*, 256 Ga. 370 (2) (349 SE2d 387) (1986). See also Agnor's Georgia Evidence, § 11-29, wherein the author states "[t]he former trial must have been before a tribunal where cross-examination was possible and not prevented." Even assuming that the execution of an affidavit to support the issuance of an arrest warrant constitutes "testimony" "on a former trial," the prior "testimony" in this case was not admissible since the party against whom it was offered had not had the opportunity to cross-examine the unavailable witness at the prior proceeding.

2. Nor was the clerk's account of the wife's statement admissible as a prior inconsistent statement under *Gibbons v. State*, supra. At the probation revocation hearing, the wife gave testimony establishing the existence of her common-law marriage to appellant and affirmed that it was her desire to see the charge against her husband dismissed. She gave no testimony concerning the factual underpinning of the charge which served as the basis for the probation revocation. Since no in-court testimony was ever elicited with which the statements making up the affidavit could be inconsistent, the wife's earlier statement to the clerk was inadmissible as a prior inconsistent statement. *Barksdale v. State*, 265 Ga. 9 (2) (a) (453 SE2d 2) (1995).

3. Recognizing that the trial court's rationale for admitting the clerk's testimony might not survive this Court's scrutiny, the State suggests that this Court make the determination that the testimony was admissible under the "necessity" exception to the statute prohibiting the admission of hearsay evidence. OCGA § 24-3-1. In order to rule that the testimony is admissible under the necessity exception, we are asked to find that there is a necessity for the exception and "a circumstantial guaranty of the trustworthiness of the offered evidence. . . ." *Higgs v. State*, 256 Ga. 606 (3) (351 SE2d 448) (1987). However, the trial court was never asked to consider admitting the testimony under the "necessity" exception, and did not make any factual findings which would support admission under that exception to the rule against hearsay. Since the question was not presented to or ruled upon by the trial court, we decline the State's invitation to encroach upon the factfinding function of the trial court. "The Supreme Court shall be a court of review . . ." (Ga. Const. 1983, Art. VI, Sec.

---

[1] It is undisputed that the assertion of the marital privilege renders the spouse unavailable to testify. See *Luallen v. State*, 266 Ga. 174 (5) (465 SE2d 672) (1996).

VI, Par. II) for the correction of errors made by the trial court. See *Bennett v. State*, 187 Ga. App. 234 (369 SE2d 552) (1988). The trial court not having made a determination regarding the admissibility of the evidence under the "necessity" exception, there is no ruling to review for legal error. The case is remanded to the trial court for consideration of the issue.

*Judgment reversed and case remanded. All the Justices concur, except Carley, Thompson and Hines, JJ., who dissent.*

CARLEY, Justice, dissenting.

James Farmer's wife was hospitalized with two broken arms. Eight days later, she made a statement to the clerk of the magistrate court implicating her husband as the cause of her injuries. Mrs. Farmer then executed an affidavit to obtain issuance of a warrant for her husband's arrest. Based upon the alleged aggravated battery committed against his wife, a petition to revoke Mr. Farmer's probation was filed. At the revocation hearing, Mrs. Farmer invoked her marital privilege and declined to testify. The clerk of the magistrate court then was called to testify as to the statements made by Mrs. Farmer and, in addition, the affidavit executed by Mrs. Farmer was introduced into evidence. The trial court found this hearsay evidence admissible under OCGA § 24-3-10 and as a prior inconsistent statement. Mr. Farmer's probation was revoked and the Court of Appeals denied his application for a discretionary appeal. This Court granted certiorari and the majority concludes, in Divisions 1 and 2 of its opinion, that the testimony of the magistrate and Mrs. Farmer's affidavit were not admissible for either of the two reasons advanced by the trial court. I concur in those divisions. In Division 3, however, the majority declines to address the admissibility of the hearsay evidence under the "necessity" exception and remands for further consideration of that issue by the trial court. In my opinion, the evidence was admissible under the "necessity" exception as a matter of law and the revocation of Mr. Farmer's probation should, therefore, be affirmed. Accordingly, I must respectfully dissent to what I perceive to be the majority's erroneous reversal of the judgment and its unnecessary remand for further proceedings in the trial court.

There are two underlying reasons for recognizing an exception to the general rule of inadmissibility of hearsay: 1) a necessity for the exception; and, 2) a circumstantial guaranty of the trustworthiness of the offered evidence. *Higgs v. State*, 256 Ga. 606, 607 (3) (351 SE2d 448) (1987). As the majority concedes in footnote 1 of its opinion, the admission of Mrs. Farmer's out-of-court statements was "necessary" because she elected to invoke her marital privilege and refused to give in-court testimony. *Luallen v. State*, 266 Ga. 174, 178 (5) (465 SE2d 672) (1996); *Higgs v. State*, supra at 608 (4). Thus, the admissibility

of Mrs. Farmer's out-of-court statements ultimately is dependent upon the circumstantial trustworthiness of those statements.

Mrs. Farmer's out-of-court statements were not made until eight days after her arms had been broken. However, that passage of time between the event and her accusation is immaterial, since, unlike the res gestae exception, there is no requirement that statements admitted under the "necessity" exception be characterized by "spontaneity." *Wilbourne v. State*, 214 Ga. App. 371, 373 (2) (448 SE2d 37) (1994). What is material to the trustworthiness of Mrs. Farmer's statements implicating her husband is that there is no dispute that those statements were made to the first official of a court having criminal jurisdiction with whom Mrs. Farmer had contact after her hospitalization. *Luallen v. State*, supra at 179 (5). Moreover, it is undisputed that Mrs. Farmer made those statements under oath and that she has never disavowed the truthfulness of those sworn statements. *Luallen v. State*, supra at 179 (5). In addition, the evidence authorizes no finding other than that Mrs. Farmer's statements initiated an official investigation through the issuance of an arrest warrant against her husband. *Luallen v. State*, supra at 179 (5). The statement that she had suffered broken arms may have been a self-serving explanation for why *she* had failed to make timely payment, but the further statement that *her husband* broke her arms was inculpatory of him and was by no means self-serving for her. In order to be inadmissible as self-serving, a declaration must be " 'favorable to the interest of the declarant. . . .' " *Swain v. C & S Bank of Albany*, 258 Ga. 547, 549 (1) (372 SE2d 423) (1988).

Whether the circumstantial guaranty of trustworthiness has been sufficiently shown requires a consideration of "the totality of the circumstances under which the statements were made. . . ." *Roper v. State*, 263 Ga. 201, 203 (2) (429 SE2d 668) (1993). The undisputed "totality of the circumstances" under which Mrs. Farmer made her statements to the clerk of the magistrate court demands a finding that the circumstantial guaranty of the trustworthiness thereof was sufficiently shown. It follows that the admissible evidence was sufficient to authorize the revocation of Mr. Farmer's probation and that there was no reversible error in the trial court's so finding.

The majority declines to address the admissibility of Mrs. Farmer's out-of-court statements under the "necessity" exception, concluding that, because the trial court did not rely upon that exception, the case must be remanded for the trial court to address the issue. I cannot agree. The ruling that is here under review for legal error is the admission of Mrs. Farmer's out-of-court statements and the reasons given by the trial court for admitting that evidence are not reviewable. *Jones v. Trussell*, 221 Ga. 271, 273 (144 SE2d 344) (1965). This Court has the constitutional obligation to determine the

admissibility of Mrs. Farmer's out-of-court statements without regard to the reasons assigned by the trial court for admitting that evidence. *Collins v. McPhail*, 213 Ga. 626, 627 (100 SE2d 445) (1957). "A correct judgment is not erroneous because the judge may have entered it for reasons other than those which required the judgment." *State of Ga. v. Johnson*, 214 Ga. 607, 611 (106 SE2d 353) (1958). Accordingly, a trial court's ruling that evidence is admissible "will be affirmed if correct upon any proper theory. . . ." *Nobles v. Webb*, 197 Ga. 242, 246 (2) (29 SE2d 158) (1944). "There will be no reversal of a judgment, if it was right, upon any ground apparent from the record." *L. J. Glenn & Son v. Shearer*, 44 Ga. 16 (2) (1871).

A remand would be proper if there were any facts to be found by the trial court. In this case, however, there are no facts to be found, since the circumstances under which Mrs. Farmer made her statements are undisputed and those undisputed circumstances demand a finding that the circumstantial trustworthiness thereof was sufficiently shown. Where, as here, a ruling

> is demanded by the facts under one theory of law, it will not be reversed because the judge in rendering it may have expressed an erroneous opinion as to some alternative theory by the application of which he arrived at the same conclusion.

*Fidelity &c. Co. v. Norwood*, 38 Ga. App. 534, 535 (5) (144 SE 387) (1928). A reversal is not required if the evidence demands the ruling which has been enumerated as error. *Drew v. Life Ins. Co. of Ga.*, 170 Ga. App. 147, 152 (1) (316 SE2d 512) (1984).

The right-for-any-reason principle has always played an important role in our jurisprudence. By focusing upon the ultimate correctness of a trial court's ruling, rather than upon the possibly erroneous reasons enunciated therefor, the right-for-any-reason rule allows the courts to reach a just result without the unnecessary expenditure of additional time and expense that would be occasioned by a reversal or remand. "This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." *Brown v. City of Atlanta*, 66 Ga. 71, 76 (1) (1880). If, as the majority holds today, a remand is required in this case, then the right-for-any-reason rule can no longer serve its logical, practical, and ameliorative purpose in *any* case in which a trial court issues a clearly correct ruling, albeit one based upon possibly erroneous reasons. I cannot condone dispensing with the long-recognized right-for-any-reason principle in this or any other case. This Court consistently has applied that principle from as early as *Wyche v. Greene*, 11 Ga. 159, 177 (12) (1852) to as recently as

*Keaton v. A.B.C. Drug Co.*, 266 Ga. 385, 386 (1) (a) (467 SE2d 558) (1996). Indeed, this Court has considered the right-for-any-reason principle to be such an important element of this state's jurisprudence that, in *Gwinnett County v. Gwinnett I Ltd. Partnership*, 265 Ga. 645, 647 (458 SE2d 632) (1995), then Presiding and now Chief Justice Benham, writing for a unanimous court, reversed the Court of Appeals for failing to apply it. If, as it is presumed to have done, the Court of Appeals followed *Gwinnett County* and applied the right-for-any-reason principle in this case, then Mr. Farmer's application for a discretionary appeal was properly denied.

Consistent with the right-for-any-reason principle and this Court's heretofore unbroken line of cases applying it, I would hold that, where, as here, a trial court's evidentiary ruling is correct, it "will be sustained, although he may have given an insufficient, or even a wrong reason therefor." *Smith v. Page*, 72 Ga. 539 (2) (a) (1884). It follows that, in my opinion, the Court of Appeals did not err in denying Mr. Farmer's application for a discretionary appeal from the trial court's correct judgment revoking his probation based upon the commission of an aggravated battery against his wife. Therefore, I respectfully dissent.

I am authorized to state that Justice Hines joins in this dissent.

DECIDED JULY 1, 1996.

*Timothy P. Healy, Nina M. Svoren,* for appellant.
*Michael H. Crawford, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.