## A00A1159. JETT v. THE STATE.
(540 SE2d 209)

BLACKBURN, Presiding Judge.

Following a jury trial, Brenda Jett appeals from her conviction of violating OCGA § 16-11-103, discharging a gun near a public highway. On appeal, she contends that: (1) the evidence was insufficient to support her conviction; (2) the trial court erred by denying her motions for a directed verdict; (3) the trial court erred by denying her motion to quash the indictment; (4) there was a fatal variance between the indictment and the proof; and (5) the trial court erred in commenting on the indictment to the jury. For reasons which follow, we affirm.

1. On appeal from a criminal conviction,

> the evidence must be viewed in the light most favorable to support the verdict, and [Jett] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *Lester v. State;*[1] see *Jackson v. Virginia.*[2]

So viewing the evidence, the record shows that Jett and Michael Hackett had an affair from February 1995 until August 1998. In November 1998, Hackett told Jett's husband about the affair. On March 13, 1999, Hackett parked his car on the side of Schatulga Road, intending to walk to a nearby nightclub. A car knocked against the rear bumper of Hackett's car several times. Then the car, which Hackett realized was driven by Jett, pulled up alongside Hackett. Jett asked Hackett why he had messed her life up and then repeatedly drove toward Hackett, attempting to run over him. Despite these attempts, Hackett approached Jett's car, hoping to talk to her. However, when he saw her pushing a clip into an automatic pistol, he ran. As he ran, he heard a shot coming from Jett's car. Although Hackett did not see Jett point the gun at him or pull the trigger, he was certain that the shot came from her car.

[1] *Lester v. State,* 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Thereafter, Hackett left in his car, but Jett chased him. Hackett called 911, and the officer who responded stopped Jett's car. The officer retrieved a loaded .380 caliber Iorcin pistol from the glove compartment of Jett's car. At trial, Jett admitted that she fired her gun after Hackett had run from her car.

OCGA § 16-11-103 provides that "[a] person is guilty of a misdemeanor when, without legal justification, he discharges a gun or pistol on or within 50 yards of a public highway or street." The evidence at trial was sufficient to authorize the jury's finding that Jett was guilty, beyond a reasonable doubt, of discharging a firearm near a public highway. See *Jackson*, supra.

Although Jett claims that the State failed to rebut her defense of legal justification, OCGA § 16-3-21 (a), the facts here do not support that defense. Jett was the aggressor, and Jett's own testimony was that Hackett had run away before she fired her gun. Hackett testified that he was heading away from Jett when the gun discharged. The evidence shows that Jett had no legal justification for firing her pistol.

2. Jett's contention that the trial court erred by denying her motion for a directed verdict of acquittal is not properly before this Court. The record shows that Jett's motion for directed verdict did not include the count of discharging a firearm near a public highway. This Court is a court of review for the correction of errors made by the trial court.[3] Here there is no ruling to review. *Farmer v. State*;[4] *Pyle v. City of Cedartown*[5] ("[t]his court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it"). Moreover, as discussed in Division 1, there was ample evidence to enable a rational trier of fact to find Jett guilty beyond a reasonable doubt of discharging a gun near a public highway. "A directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict to the contrary." *Lane v. State*;[6] OCGA § 17-9-1.

3. Jett contends that the trial court erred by denying her motion to quash the indictment. On appeal, she argues that the indictment was fatally defective because it did not include the statutory requirement that the gun be fired on or within 50 yards of a public road or highway. However, Jett's motion to quash the indictment, filed after the entry of her plea and after trial had begun, does not address the sufficiency of the allegations in Count 3, the violation of OCGA § 16-11-103. Because the motion to quash did not assert any defect on the

---

[3] 1983 Ga. Const., Art. VI, Sec. V, Par. III.

[4] *Farmer v. State*, 266 Ga. 869, 870-871 (3) (472 SE2d 70) (1996).

[5] *Pyle v. City of Cedartown*, 240 Ga. App. 445, 448 (3) (524 SE2d 7) (1999).

[6] (Emphasis in original). *Lane v. State*, 177 Ga. App. 553, 554 (1) (340 SE2d 228) (1986).

face of Count 3 of the indictment, there was no ruling by the trial court on the asserted error. This claim is not properly before us. *McKay v. State*;[7] see *Farmer*, supra. Because of our holding, we do not address the timeliness of Jett's motion to quash. See *Pullen v. State*[8] (a general demurrer attacking the sufficiency of the indictment should be filed before arraignment; however, if the defect in the indictment would support a motion to arrest judgment, it may be filed during trial).

4. Jett contends that there was a fatal variance between the indictment and the State's proof because the indictment did not state that Jett fired her pistol within 50 yards of a public road or highway. The determination of whether a variance in the indictment and the proof is fatal depends on whether the variance affects the substantial rights of the accused. *Denson v. State*.[9] The variance is not material, and therefore fatal, if the indictment definitely informs the defendant of the charges against him, so that he is able to present his defense and protects the defendant against another prosecution for the same offense. *Chadwick v. State*.[10]

The indictment here specifically alleges that Jett discharged a firearm, a .380 caliber handgun, near a public road and highway, Schatulga Road. The State offered proof of the very conduct. Jett was convicted of violating OCGA § 16-11-103 and is clearly protected from a second prosecution for this crime. We find no fatal variance between the indictment and the proof at trial.

Jett also complains of a variance between the indictment and the jury charge. The trial court charged the jury the statutory definition, "[t]hat a person is guilty of a misdemeanor when without legal justification, he discharges a gun or a pistol within 50 yards of a public highway or a street." Here, the indictment provided that Jett fired her gun near a "public road and highway," Schatulga Road, as opposed to a "public highway or street," and the indictment did not state that the firing occurred within 50 yards of the road. The differences between the indictment and the jury charge are not such as to allow the jury to convict Jett based on conduct not encompassed by the indictment. See, e.g., *Hunley v. State*.[11] There was no error in the jury charge.

5. Jett claims that the trial court made improper comments to the jury about the indictment. Since the judge only informed the jury what the indictment was, we find no improper judicial statements.

---

[7] *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998).

[8] *Pullen v. State*, 199 Ga. App. 881 (406 SE2d 283) (1991).

[9] *Denson v. State*, 212 Ga. App. 883, 884 (2) (443 SE2d 300) (1994).

[10] *Chadwick v. State*, 236 Ga. App. 199, 201 (2) (511 SE2d 286) (1999).

[11] *Hunley v. State*, 227 Ga. App. 234, 235 (1) (488 SE2d 716) (1997).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 28, 2000 —
RECONSIDERATION DENIED OCTOBER 19, 2000.

*Melvin E. Cooper*, for appellant.
*J. Gray Conger, District Attorney, Mark A. Casto, Robert B. Bickerstaff II, Assistant District Attorneys*, for appellee.